FOURNET, Chief Justice.
 

 Defendant, Preston Pebworth, who was jointly charged with James Gibson
 
 [1]
 
 by bill ■of information with armed robbery of '$89.00 from Mary Benn, prosecutes this appeal from his conviction and sentence to serve 30 years in the Louisiana State Penitentiary relying for the reversal thereof upon three alleged errors committed during the course of the trial to which bills of exception were reserved and timely perfected.
 

 The first bill of exception was reserved when the trial judge following hearing denied defendant’s motion to suppress certain articles seized from the automobile in which he was riding at the time of his arrest contending that the officers making the arrest and search lacked proper warrants and were without reasonable cause to believe defendant had committed the offense.
 

 Under the express provisions of the Code of Criminal Procedure “A peace officer may, without a warrant, arrest a person when * * * (3) The peace officer has reasonable cause to believe that the person to be arrested has committed an offense although not in the presence of the officer;” (Art. 213) and "* * * when making an arrest without a warrant, shall inform the person to be arrested of his intention to arrest him, of his authority, and of the cause of the arrest;” (Art. 218) and “ * * * shall take from the person arrested all weapons and incriminating articles which he may have about his person.” (Art. 225.) “Reasonable belief — or ‘probable cause,’ as it is termed under the federal standard — to make an arrest without a warrant exists when the facts and circumstances within the arresting officer’s knowledge, and of which he has reasonably trustworthy information, are sufficient in themselves to justify a man of average caution in the belief that a felony has been or is being committed.” State v. Johnson, 249 La. 950, 192 So.2d 135; See also, State v. Calascione, 243 La. 993, 149 So.2d 417; State v. Aias, 243 La. 945, 149 So.2d 400; State v. Green, 244 La. 80, 150 So.2d 571.
 

 
 *1068
 
 The trial judge in his per curiam, after giving full and detailed account of the facts that gave rise to the defendant’s arrest and subsequent search of the automobile which he was occupying at the time of the arrest that produced the fruits of the crime, concluded that the arresting officers in this case had acted upon reliable information that an armed robbery had taken place a short while before by a white man who had fled in an awaiting late model red and white Studebaker. Upon observing an automobile fitting the description approaching from the opposite direction only a short distance from the scene of the crime, the officers continued a block further, circled behind the automobile and with light flashing and siren turned on overtook the Studebaker whereupon the car pulled to the curb. The occupants were promptly ordered by the officers, who were in full uniform with drawn revolvers, to get out of the car and placed under arrest, finding no money or weapons on the defendants. However, Officer Loper and two other officers, who were also in search of the subject car and had arrived on the scene at the time of the arrest, took possession of the Studebaker and as a result of a search thereof found a brown paper bag containing $89 in bills and silver, a blue steel automatic, a hat, shirt and a pair of glasses. These officers had been alerted immediately after the commission of the crime by radio broadcast from police headquarters of the description of the getaway car that they had received from the assistant manager who had pursued the robber and observed him ride off in the awaiting red and white Studebaker.
 

 We think under these facts and circumstances the defendant’s arrest was legal; and “under the jurisprudence universally prevailing in both the state and federal courts, a search may be made of the place where a legal arrest occurs for the purpose of seizing the things there found that are connected with the crime as its fruits, as well as other proof of guilt within the control of the accused.” State v. Brown & Hadrick, 250 La. 1125, 202 So.2d 274; State v. Calascione, supra; Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652; Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145; Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543.
 

 The second bill of exception was reserved when the trial judge overruled defendant’s motion for a severance based on the allegation that he had been informed by his co-defendant and his attorney that Gibson would take the stand and testify in his own behalf and in doing so would place the defendant at the scene of the alleged crime greatly to the mover’s detriment.
 

 This bill of exception is also without merit. The Code of Criminal Pro
 
 *1070
 
 cedure specifically declares that
 
 "Jointly indicted defendants shall he tried jointly
 
 unless: (1) The state elects to try them separately; or (2) The court, on motion of the defendant, and after contradictory hearing with the district attorney, is satisfied that justice requires a severance.” Article 704. Thus, it may be seen that severance is not a matter of right but rather one that rests in the sound discretion of the trial judge, “whose ruling will not be interfered with, unless manifestly erroneous and injurious to accused.” State v. Cook, 215 La. 163, 39 So.2d 898. Gibson did take the stand in his own behalf as he had a right to do and testified that at the defendant’s request he stopped near the Li’l General Food Store where the robbery took place and waited for him without knowledge of his reason for entering the store nor did he know what transpired therein. While this uncontroverted testimony was detrimental to the cause of the defendant, it does not detract from its probative value. Despite the fact that Gibson was closely cross-examined by the prosecuting attorney, the defense counsel did not choose to1 further cross-examine the witness. (Emphasis added.)
 

 The last bill of exception was reserved when the trial judge overruled his motion for a new trial based on the simple, allegation that the verdict “was contrary to the law and the evidence,” thus presenting nothing further for us to review as we have no appellate jurisdiction in criminal cases involving the evidence of the guilt or innocence of the accused and have answered all questions of law presented to us for consideration.
 

 For the reasons assigned the conviction and sentence are affirmed.
 

 [1]
 

 . James Gibson was found not guilty.