HAMITER, Justice.
 

 On March 7, 1966 Frederick Daniel Alexander, Paul Joseph Harrell and Melvin J. Bonner, Jr. (the latter being the appellant herein) were jointly indicted for the murder of Sabre Guidry. The state asked for, and was granted, a severance as to Alexander. Bonner and Harrell were then tried together and found guilty without capital punishment. Each was sentenced to serve the balance of his life in the state penitentiary. Only Bonner has appealed.
 

 In this court appellant relies on three bills of exceptions for a reversal of his conviction and sentence. (Of the many bills reserved during the trial, twenty were perfected and appear in the record. However, during oral argument here defense counsel announced that all but bills of exceptions Nos. 2, 3 and 7, which are the only ones discussed in the brief, had been abandoned.)
 

 Bill of exceptions No. 2 was reserved to the trial court’s overruling a motion for a severance filed by both Bonner and Harrell. The motion was based on the allegation that their defenses were antagonistic.
 

 In State v. Progue, 243 La. 337, 144 So.2d 352, we held that the mere assertion that defenses in a joint trial were antagonistic, without a presentation of facts to actually show that such existed, is not sufficient to require a severance. In this cause we find no factual showing that the defenses were actually contradictory. To the contrary, during the trial Harrell took the stand in his own behalf and, as observed by the trial court in his per curiam to this bill, he attempted to exonerate both himself and Bonner and to place the blame on Alexander.
 

 In brief to this court the accused urges, as an additional reason why his motion should have been sustained, that a severance must be granted when there are two defendants and one will require the testi
 
 *205
 
 mony of the other as his own witness. In support of this argument he cites De Luna v. United States, 5 Cir., 308 F.2d 140, 1 A. L.R.3d 969; and he asserts that “substantial portions of the testimony of defendant Harrell would be favorable to Bonner and the latter would need him as a witness.” (It appears to us, incidentally, that this assertion completely negates his original contention that the defenses were antagonistic.)
 

 First of all we do not find that the cited decision is authority for the “rule” relied on. Secondly, conceding arguendo the validity of such a “rule”, we think, for obvious reasons, that such cause for a severance should be pleaded in the motion therefor filed in the trial court, and that the plea comes too late when urged for the first time on appeal. Thirdly, we perceive no prejudice to Bonner by the court’s failure to sever. As we have already pointed out, ultimately the codefendant (Harrell) took the stand, and Bonner’s counsel was permitted to examine him fully.
 

 In State v. Pebworth, 251 La. 1063, 208 So.2d 530, recently decided by us, we observed that: “ * * * The Code of Criminal Procedure specifically declares that
 
 ‘Jointly indicted defendants shall he tried jointly
 
 unless: (1) The state elects to try them separately; or (2) The court, on motion of the defendant, and after contradictory hearing with the district attorney, is satisfied that justice requires a severance.’ Article 704. Thus, it may be seen that severance is not a matter of right but rather one that rests in the sound discretion of the trial judge, ‘whose ruling will not be interfered with, unless manifestly erroneous and injurious to the accused.’ State v. Cook, 215 La. 163, 39 So.2d 898. * * *”
 

 We, therefore, find no error in the court’s denial of the motion to sever.
 

 Bill No. 3 was taken when, during the course of the trial, defense counsel requested and was refused production of that part of a police report containing the arresting officer’s narration of an alleged oral confession by the accused.
 

 The state during the presentation of its case called Detective James Alphonse as its witness and, after preliminary questioning, it announced that it was going to lay the predicate for the admission of an “oral statement” made by the defendant. The jury was retired and the predicate was laid. On cross examination of Alphonse it was brought out that the detective had included in his routine police report a narration of the contents of the statement made to him by Bonner. Bonner’s counsel thereupon requested production of the report for inspection which was denied by the court. Counsel then requested to see that part which concerned the statement of Bonner. The court refused this request, and bill No. 3 was reserved.
 

 
 *207
 
 The defendant urges that the cases relied on by the trial court in its per curiam, to sustain the denial of the request to see the report, are not pertinent here for the reason that they deal only with pretrial inspection of documents, and that they do not relate to inspection of them during the trial at which time a witness “is fair game” for testing his credibility and the accuracy of his version of the statements contained therein.
 

 Conceding that a defendant can sometimes compel production of a prior written recollection of a police officer contained in his report, when such officer appears as a witness for the state, it is now firmly established in our jurisprudence that the defense must first lay the proper foundation therefor. Thus, in State v. Cooper, 249 La. 654, 190 So.2d 86, we said: “Bills of Exceptions Nos. 17 and 18 were taken to the refusal of the trial judge to order the district attorney to produce an alleged written statement given by a state witness. Counsel for the defendant contends in brief that cross-examination of the state’s witness disclosed that he had signed a written statement, which was in the possession of the district attorney, and that the statement concerned the subject matter of his testimony. However, the trial judge’s per curiam sets forth defense counsel did not establish as a foundation for his objection that the statement in the possession of the district attorney contradicted the testimony given by the witness.
 

 “It is proper to refuse to order the production of a prior statement of a state witness in the hands of the district attorney to be used by the defense to impeach the state witness where the defense has not established a proper foundation by showing that the contents of the statement sought are contrary to the sworn testimony of the witness. * * *”
 

 See also State v. Young et al., 249 La. 1053, 1054, 193 So.2d 243, wherein defense counsel sought to obtain oyer of the police officer’s prior written report, stating to the court that he wanted it for the purpose of “traversing it, testing his credibility and memory.” Like the instant matter, that case involved the officer’s report of statements made to him by one of the accused. We said: “Thus, according to his own statement, counsel wished to obtain the police report for the purpose of testing the credibility and memory of the witness and of traversing the above testimony. The judge’s refusal to order the report produced was correct, for the proper foundation for its production had not been laid. R.S. 15:493 prescribes the foundation required for proof of contradictory statements.
 

 “Here counsel admitted that he wanted to inspect the document to see whether there was anything in the officer’s report about talking to Dawn DeBlanc regarding a
 
 *209
 
 ‘show’ prior to the meeting in the motel room. As stated by the trial judge, there was nothing in the bill of exception to indicate that there was any contradiction between the officer’s testimony and his report, and counsel’s request for this report was merely a fishing expedition to obtain a police report to which he was not entitled.”
 

 In the instant case not only did defendant fail to lay the required foundation for obtaining oyer, but also he did not state to the court (either before or after the judge’s ruling) his purpose in demanding to see the document. Moreover, the request was made even before the officer had testified as to the contents of the defendant’s statement.
 

 We think, as we did in State v. Young et al., supra, that the request made herein was an attempt on the part of defense counsel to go on a fishing expedition; and, further, that the presently alleged purpose of the demand (for testing the credibility of the witness) is an afterthought.
 

 There is no merit in the bill.
 

 Bill of exceptions No. 7 recites that at the termination of the laying of the predicate before the jury, for the purpose of introducing the statement made by Bonner to Detective Alphonse, “counsel objected to the adequacy of the predicate. The objection was overruled and this bill of exception was reserved.”
 

 In this court, in connection with their argument that the statement was improperly obtained and introduced, defense counsel rely on the decision of the United States Supreme Court in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L. Ed.2d 977, it being conceded by them that Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, is not applicable inasmuch as the instant case was tried prior to the holding therein. (See Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.)
 

 In his per curiam to this bill the trial judge states that the “transcript reveals that no such objections were made and no such bills of exception were reserved”, but that, nevertheless, he was convinced beyond a reasonable doubt that the statement was freely and voluntarily given and that the defendant had not been deprived of any of his constitutional rights.
 

 The transcript has been submitted to this court. We have examined the portions relative to this bill, and we find that the trial judge was correct in his observation that no objection was made to the ruling that the confession was freely and voluntarily given and was therefore admissible. In view of this circumstance there appears, in our opinion, nothing for us to review. However, because of the recent emphasis placed by the federal Supreme Court on the introduction of confessions or other statements which may have
 
 *211
 
 been improperly obtained, and considering the seriousness of the charge and of the sentence imposed herein, we have examined the evidence taken in connection with the laying of the predicate. It amply supports the ruling of the district judge in permitting the statement’s introduction.
 

 In Johnson v. State of New Jersey, supra, the federal Supreme Court expressly interpreted the Escobedo decision as follows: “Apart from its broad implications, the
 
 precise
 
 holding of Escobedo was that statements elicited by the police during an interrogation may not be used against the accused at a criminal trial, '[where] the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, the po7 lice carry out a process of interrogations that lends itself to eliciting incriminating statements,
 
 the suspect has requested and been denied an opportunity to consult with his
 
 lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent * * *.’ ” (Underscoring ours) See also State v. Ahrens, 250 La. 391, 196 So.2d 250; State v. Mann, 250 La. 1086, 202 So.2d 259 and State v. Page, 251 La. 810, 206 So.2d 503.
 

 Not only did the state in the instant case show that the statement was made by Bonner without any threats, violence, inducements, promises or coercion, it also showed that he was^ informed before giving it that he did not have to say anything and that he was entitled to obtain counsel if he had none. This showing, which is totally unrebutted, meets all of the requirements of Escobedo.
 

 Because of the announcement of counsel in oral argument to this court (heretofore referred to) we consider the remaining bills as having been abandoned. However, out of an abundance of precaution we have examined all of them and find that they are without merit.
 

 For the reasons assigned the conviction and sentence are affirmed.