Preston PEBWORTH

v.

STATE OF LOUISIANA, C. Murray
Henderson, Warden.

Misc. No. 1019.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Aug. 22, 1969.

Preston Pebworth, petitioner, in pro.
per.

Jack P. F. Gremillion, Atty. Gen.,
State of La., Jack E. Yelverton, Asst.
Atty. Gen., State of La., Baton Rouge,
La., Jim Garrison, Dist. Atty., Parish of
Orleans, Louise S. Korns, Asst. Dist.
Atty., Parish of Orleans, New Orleans,
La., for respondent.

WEST, Chief Judge:

Petitioner, Preston Pebworth, is presently serving a thirty year sentence at Louisiana State Penitentiary for armed robbery. He was arrested and charged with armed robbery on January 22, 1967, about ten minutes after the Li'l General Food Store at 4137 South Carrollton Street in New Orleans, Louisiana had been robbed by a gunman. He and a companion, James Gibson, were both arrested, charged and tried by a jury for armed robbery. Gibson was found not guilty and Pebworth was found guilty and sentenced to serve thirty years in the State Penitentiary at Angola, Louisiana.

He now seeks a writ of habeas corpus alleging as his grounds therefor that (1) the State suppressed evidence that would have been favorable to him, (2) he was identified in a lineup when he was without assistance of counsel, (3) he was indicted by an "unconstitutional grand jury", (4) he was "denied time waiting appeal", (5) he was denied "due process and equal protection of the law", and (6) he was denied a severance. Upon receiving petitioner's application, this Court ordered the State to deposit with the record the entire transcript of the proceedings had against petitioner in the State Courts in order that a determination could be made as to whether or not an evidentiary hearing was indicated. Now, after a careful review of the record, it is the considered opinion of this Court that no evidentiary hearing is required at this time, and that petitioner's application for a writ of habeas corpus must be denied. The record clearly reveals the following facts:

■ · Between 8:30 and 8:40 on the night of January 22, 1967, the Li'l General Food Store at 4137 South Carrollton Street in New Orleans, Louisiana was robbed by an armed bandit. The robber got about $89 in the holdup which, at gun point and upon orders from the robber, had been placed in a brown paper bag by Miss Mary Benn, an employee at the store. At about 8:40 p. m. Officer John Loper and Officer Charles Dodds, who were cruising in their police car, received a call from police headquarters over their police radio informing them of the robbery. Dodds responded by asking for further description of the getaway car and its occupants. He was advised that the automobile used by the robbers was a red over white Studebaker. Ten minutes later, at about 8:50 p. m., the officers saw such a car traveling in the direction of the Mississippi River on Tulane Avenue. The officers then radioed headquarters and asked for a further description of the robbers, and they were advised that the getaway car had two white males in it, one short with dark hair wearing glasses. After receiving this description of the car and its occupants, the police officers, having probable cause to believe that they were at that time looking at the very persons who had committed the robbery, proceeded to stop the car and apprehend its occupants, who turned out to be James Gibson and the petitioner, Preston Pebworth. Both were placed under arrest for armed robbery. At the time of the arrest, the automobile in which Gibson and Pebworth were riding was searched and the police found the $89 in the paper bag taken from the Li'l General Grocery Store, and they also found a blue steel automatic pistol. The money and the pistol were laying on the floor of the car at the right front side. Certain items of clothing and a pair of black rimmed glasses were also found. All of these items were seized, the car impounded, and the defendants taken to headquarters and booked on a charge of armed robbery. At the trial on April 10, 1967, all of these seized items were introduced into evidence over the objection of defendants. Gibson was found not guilty (which verdict was amply sustained by the record) and Pebworth was found guilty and sentenced to serve thirty years at Louisiana State Penitentiary. Several bills of exception were reserved on behalf of Pebworth during his trial, which served as a basis for a suspensive appeal taken to the Supreme Court of Louisiana. The first bill of exception was reserved when the trial judge, following a hearing, denied defendants' motion to suppress the articles seized from the automobile at the time of the arrest. The second bill was taken when the trial judge overruled petitioner's motion for a severance, and the last bill was reserved when the trial judge overruled petitioner's motion for a new trial on the simple allegation that the verdict was "contrary to the law and the evidence." When these exceptions were heard by the Supreme Court of Louisiana, they were all decided adversely to petitioner. State v. Pebworth, 251 La. 1063, 208 So.2d 530. This Court agrees with those conclusions. When petitioner was arrested it

was because the arresting officers had just received reliable information, from their own police headquarters, that an armed robbery had occurred. They had the description of the car used by the robbers, as well as a partial description of its occupants. They came upon a car fitting the description, occupied by two men fitting the description. They certainly had reason to believe that these men were the ones who had recently committed the armed robbery of which they had been advised, and they obviously had reason to believe the men were armed and dangerous. Upon apprehending them they immediately made them get out of the car where they could be searched, and at the same time they looked into the car for possible weapons and/or useable evidence. Upon looking in the car, the gun and money was seen on the floor of the front seat of the car, right in front of where Pebworth was seated. Surely a search of this area, under these circumstances, meets even the stringent requirements of Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685, decided on June 23, 1969. Thus, it is the opinion of this Court that the petitioner was not a victim of an illegal search and seizure.

■ As far as petitioner's claim for violation of his rights by being denied a severance of his trial from that of James Gibson, there is simply no merit to such a contention. Whether or not a severance is granted is within the sound discretion of the trial judge, and this Court finds no abuse of that discretion in this case. Louisiana law provides that jointly indicted defendants shall be tried jointly, and there is certainly nothing unconstitutional about that provision. Severance is not a matter of right, but rather one that rests within the sound discretion of the trial judge. Under the facts of this case, the petitioner was not prejudiced in such a way as to deprive him of his constitutional rights, and the trial judge's ruling as to the severance was certainly not manifestly erroneous. Hence, this contention of petitioner is without merit.

■ The last bill of exception, based upon the vague allegation that the verdict was "contrary to the law and the evidence", obviously does not raise a constitutional issue cognizable by this Court.

After the Louisiana Supreme Court affirmed petitioner's conviction and sentence, he applied to the Criminal District Court for the Parish of Orleans, the Court in which he was tried, for a writ of habeas corpus. On December 13, 1968, Judge Rudolph F. Becker, of that Court, rendered the following judgment:

"In this matter the defendant filed a Petition (Application for Writ of Habeas Corpus), and alleges in his petition several grounds claiming in each instant that his constitutional rights were denied him.

"A review of the facts of the case as well as the bills of exception filed pending an appeal to the Louisiana Supreme Court will show that each ground alleged by petitioner in his Application for Writ of Habeas Corpus was passed on by this Court and also by the Louisiana Supreme Court in their decision affirming the conviction and sentence of petitioner.

"Inasmuch as petitioner sets forth the same grounds upon which his original appeal was based, the Court is of the opinion that petitioner is not entitled to the relief prayed for in his Application for a Writ of Habeas Corpus.

"The Petition for Writ of Habeas Corpus is denied and the said petition is dismissed.

"New Orleans, Louisiana, this 13th day of December, 1968.

/s/ Rudolph F. Becker, Jr.
RUDOLPH F. BECKER, JR.
Judge, Section 'E' "

While there is no other record of that hearing, it is obvious from the judgment rendered that the grounds asserted by petitioner in his application to that Court were the same as the grounds upon which his original appeal was based.

■ Nowhere in the record is there any evidence that petitioner has at any

**380**

time presented to a State Court his contention that there was a "suppression of favorable evidence", or that he was illegally required to appear in a lineup, or that he was "denied time waiting appeal", or that the Judge in any other way denied him "due process and equal protection of the law." And even a cursory examination of the record discloses that petitioner did not and could not contend that he was indicted by an "unconstitutional grand jury" because he was not charged by indictment. He was charged by a bill of information, thus no grand jury at all was involved.

Thus, after an independent review of the record in this case, it is the opinion of this Court that there is no merit to petitioner's claim that his constitutional rights were denied when he was denied a severance, or that his constitutional rights were violated by use of an "unconstitutional grand jury." Thus, on the merits, as to these grounds, petitioner's application for a writ of habeas corpus is denied. As to all other grounds asserted by petitioner before this Court, his application for a writ of habeas corpus is denied for failure to exhaust available State Court remedies.

Judgment will be entered accordingly.