**Preston PEBWORTH, Petitioner-Appellant,**

v.

**C. Murray HENDERSON, Warden, Louisiana State Penitentiary, Respondent-Appellee.**

**No. 29012**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

May 25, 1970.

---

Before BROWN, Chief Judge, and MORGAN and INGRAHAM, Circuit Judges.

PER CURIAM:

■ This appeal is taken from an order of the District Court denying the petitioner a writ of habeas corpus. We affirm.[1]

The Appellant was convicted by a jury of armed robbery. During the state trial proceedings, the Appellant contended that: (1) evidence found in his car at the time of the arrest should be suppressed; (2) he was entitled to a severance from the trial of his co-defendant, Gibson; and (3) the verdict was contrary to the law and the evidence. The State Trial Court held hearings on the questions of suppression and of severance and rejected Appellant's contentions in both and likewise dismissed the claim that the verdict was contrary to the law and the evidence. The Appellant, in the direct appeal from the conviction to the Louisiana Supreme Court, was unsuccessful on these three grounds. State v. Pebworth, 1968, 251 La. 1063, 208 So.2d 530. On these three points the Appellant filed motions for writs of habeas corpus in both the Trial Court and the Supreme Court.

After both petitions were turned down, the Appellant filed for a writ of habeas corpus in Federal District Court where he complained of six errors in the trial procedure: (i) the state had suppressed favorable evidence; (ii) the Court had denied a severance; (iii) the Appellant was without counsel at the lineup; (iv) there was an unconstitutional grand jury; (v) the Appellant was denied credit for time served pending appeal; and (vi) he was denied due process of the laws and equal protection of the laws.

Preston Pebworth, pro se.

Jack P. F. Gremillion, State Atty. Gen., Baton Rouge, La., Louise Korns, Asst. Dist. Atty., Orleans Parish, New Orleans, La., for respondent-appellee.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F. 2d 804, Part I; and Huth v. Southern Pacific Co., 5 Cir., 1969, 417 F.2d 526, Part I.

As reflected in the opinion Pebworth v. State of Louisiana, E.D.La., 1969, 303 F.Supp. 377, which sets out in considerable detail the factual setting in which some of the claims arise, the Federal District Court did not hold an evidentiary hearing. 28 U.S.C.A. § 2254. Point (i) had never been pressed before, but the Federal District Court treated it as if the petitioner were asking for a review of Point (1), the search and seizure issue. Since this and Point (ii) had been decided adversely in the direct appeal, the Court below concluded that further evidentiary hearings were unnecessary. As to issues (iii), (iv), (v), and (vi), the Court determined that these had not previously been raised in any state court proceeding.

■■ We agree that as to issues (i) and (ii) the State Court record was both adequate factually and afforded an ample basis for the independent Federal Court conclusion that there was no denial of any constitutional right. 28 U.S.C.A. § 2254. Issues (iii), (iv), (v), and (vi) are not open to Federal Court review until the petitioner has exhausted his state habeas corpus remedies. 28 U.S.C.A. § 2254. Wheeler v. Beto, 5 Cir., 1969, 407 F.2d 816.

Affirmed.