433 F.2d 931
 Alex ARDISTER, Jr., Petitioner-Appellant,
v.
S. Lamont SMITH, Warden, Georgia State Prison, Reidsville,
Georgia, Respondent-Appellee.
 No. 30380 Summary Calendar.*
*Rule 18, 5th Cir.; See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
 
 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Nov. 11, 1970.
 Alex Ardister, Jr., pro se.
 Arthur K. Bolton, Atty. Gen., Harold N. Hill, Jr., Executive Asst. Atty. Gen., Dorothy T. Beasley, Marion O. Gordon, Asst. Attys. Gen., Atlanta, Ga., for respondent-appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is from the district court's denial of appellant's petition for a writ of habeas corpus.
 
 
 2
 In his petition to the district court appellant sought habeas relief on the grounds that: (1) He was not afforded a preliminary hearing; (2) he was denied effective assistance of counsel at his trial; (3) he was denied his direct appeal by counsel's failure to advise him of his rights; and (4) he was denied a fair trial because the record of his prior felony convictions was admitted in evidence, though he was not indicted under the Georgia 'habitual criminal' statute, resulting in a sentence in excess of the legal limits.
 
 
 3
 The district court failed to make findings of fact and conclusions of law with respect to appellant's first contention. We deem it unnecessary to remand the cause for this reason, since the allegation does not present a claim which would entitle a prisoner to federal habeas relief. A preliminary hearing is not a 'critical stage' of criminal proceedings in the State of Georgia. Worts v. Dutton, 5th Cir. 1968, 395 F.2d 341; see Donlavey v. Smith, 5th Cir. 1970, 426 F.2d 800.
 
 
 4
 As to the second contention, the court below noted that the appellant had been afforded a state habeas hearing on the issue, and held that the record of the hearing fairly supported the state court's finding that appellant was not denied effective assistance of counsel. The district court also held that the appellant had failed to exhaust his available state remedies relative to his two final contentions.
 
 
 5
 The record clearly discloses that the state habeas court never considered the questions of whether the appellant was sentenced to an illegally excessive sentence, nor whether he was denied his right to a direct appeal by the actions of his court-appointed attorney. Since the issue of appellant's denial of his right to an appeal is inextricably linked to his contention that he was not afforded effective assistance of counsel, we pretermit decision on the latter until appellant has exhausted his available state remedies on all of his federal habeas grounds. Pebworth v. Henderson, 5th Cir. 1970, 428 F.2d 789; Harrison v. Wainwright, 5th Cir. 1970, 424 F.2d 633; Wheeler v. Beto, 5th Cir. 1969, 407 F.2d 816.
 
 
 6
 Accordingly, the district court's order denying habeas corpus relief is affirmed.
 
 
 7
 Affirmed.