**Melvin J. BONNER,
Petitioner-Appellant,**

v.

**C. Murray HENDERSON, Warden,
Louisiana State Penitentiary,
Respondent-Appellee.**

No. 75–1949
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 11, 1975.

Melvin J. Bonner, pro se.

William J. Guste, Jr., Atty. Gen., Baton Rouge, La., Barbara B. Rutledge, Asst. Atty. Gen., Joseph B. Tosterud,

* Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Asst. Dist. Atty., New Orleans, La., for respondent-appellee.

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Appellant, represented by court-appointed counsel, was convicted by a jury of murder. He was sentenced on December 2, 1966, to life imprisonment. The conviction was affirmed in State v. Bonner, 1968, 252 La. 200, 210 So.2d 319. Habeas petitions were denied by the trial court on July 29, 1974, and by the Louisiana Supreme Court on September 13, 1974.

In his habeas petition filed below, appellant alleged (1) he was not afforded a full appeal in that during trial, counsel preserved twenty bills of exception, but argued only three on appeal; (2) the trial judge failed to instruct the jury that it could render a verdict of guilty of manslaughter; (3) he received a harsher sentence because he elected a jury trial, while a co-defendant, Alexander, who pled guilty got only a five year suspended sentence; and (4) he is entitled to a free copy of his trial transcript and record for use in preparing this case. The District Court dismissed the petition on January 27, 1975, and issued a certificate of probable cause on April 9, 1975.

1. Appellant took a direct appeal from his conviction and was represented by trial counsel on appeal. A reading of the affirming opinion shows that the Louisiana Supreme Court considered all twenty issues preserved for appeal.

2. The state judge's failure to instruct the jury on lesser included offenses is not a federal constitutional question, Grech v. Wainwright, 5 Cir., 1974, 492 F.2d 747; Alligood v. Wainwright, 5 Cir., 1971, 440 F.2d 642.

3. The co-defendant who received a five year suspended sentence testified against appellant, a factor obviously considered by the judge in determining sentence. This Court will not upset the terms of a sentence within statutory limits unless so disproportionate to the offense as to be completely arbitrary and shocking, Buchannon v. Wainwright, 5 Cir., 1973, 474 F.2d 1006; United States v. Harbolt, 5 Cir., 1972, 455 F.2d 970; Rodriquez v. United States, 5 Cir., 1968, 394 F.2d 825.

4. Appellant is not entitled to a free copy of his transcript and record to search for possible trial defects merely because he is an indigent, United States v. Herrera, 5 Cir., 1973, 474 F.2d 1049, cert. denied 414 U.S. 861, 94 S.Ct. 77, 38 L.Ed.2d 111; Cowan v. United States, 5 Cir., 1971, 445 F.2d 855; Walker v. United States, 5 Cir., 1970, 424 F.2d 278. Furthermore, the transcript and record would be of no value preparing his argument for this case.

Affirmed.