334 So.2d 388 (1976)
STATE of Louisiana
v.
George ALEXANDER and Brenda Wilson.
No. 57492.
Supreme Court of Louisiana.
June 21, 1976.
*389 Richard E. Moore, New Orleans, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William L. Brockman, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged George Alexander and Brenda Wilson with distribution of heroin in violation of LSA-R.S. 40:966. The defendants waived a jury trial. The judge heard the evidence and found the defendants guilty. He sentenced them to life imprisonment in the custody of the Department of Corrections. They appeal their convictions, relying on seven assignments of error. Assignments of Error Nos. 1, 2, and 7 were neither briefed nor argued and are considered abandoned. State v. Credeur, La., 328 So.2d 59 (1976); State v. *390 Edwards, 261 La. 1014, 261 So.2d 649 (1972).

ASSIGNMENTS OF ERROR NOS. 3, 5, AND 6
These three assignments of error arise from the following facts:
The Orleans Indigent Defender Program originally represented defendants. However, Mr. Bernard J. Usprich of that office moved to withdraw as counsel of record for Alexander because he had previously represented two witnesses in the case. The trial court granted that motion on December 9, 1974. On that same date, Mr. Richard E. Moore was appointed to represent the defendants. On the morning of the trial (January 16, 1975), Mr. Moore asked the court for a continuance in order to study a motion presented by Alexander in proper person. Noting that Mr. Moore had been appointed to represent the defendant since December 9, 1974, and had adequate time of over a month within that period to investigate Alexander's allegations, the trial court denied the motion for a continuance.
While discussing the continuance, Alexander stated that a friend had hired an attorney to represent him in the case. Alexander then asked for a continuance to allow the retained attorney to represent him. Noting that this retained attorney had never moved to be enrolled as counsel of record and was not present for the trial, the court again denied the motion for a continuance requested by Alexander.[1]
On the morning of the trial, Alexander presented a motion for a bill of particulars which he had prepared in proper person.[2] The trial court's denial of that motion is the basis of defendants' assignment of error.[3]
LSA-C.Cr.P. Art. 484 provides in pertinent part:
"A motion for a bill of particulars may be filed of right before trial or within ten days after arraignment, whichever is earlier. After expiration of the ten-day period the court may permit the filing of such a motion until the commencement of trial. When a motion is filed, or on its own motion, the court may require the district attorney to furnish a bill of particulars setting up more specifically the nature and cause of the charge against the defendant."
The granting or refusing of a bill of particulars addresses itself to the sound discretion of the trial judge, and the ruling of a trial judge denying an accused data sought in a motion for a bill of particulars will not be disturbed in the absence of a clear showing that the judge abused his discretion to the prejudice of the accused. State v. Bailey, 261 La. 831, 261 So.2d 583 (1972); State v. Pratt, 255 La. 919, 233 So.2d 883 (1970); State v. Wright, 254 La. 521, 225 So.2d 201 (1969).
In light of the State's having made its entire investigative file available for review *391 of defense counsel prior to trial, all useful information was already known to the defense. The filing of the bill of particulars was unnecessary and was properly denied by the trial court.
Assignment of Error No. 5 is based on the trial court's denial of defendants' motion for a continuance. As stated earlier, defense counsel had been appointed thirty-eight days prior to trial. Defense counsel stated that he was prepared for trial in that he had investigated the case. The motion for continuance was based upon the motions submitted by Alexander which his court appointed defense counsel had not had an opportunity to investigate.
Defense counsel chose not to file any motions after he had an opportunity to review the State's entire investigative file. We have concluded that the motions filed by the defendant in proper person lacked merit. We find no abuse of discretion on the part of the trial judge in denying a continuance.
Assignment of Error No. 6 deals with the denial of defendant's motion for substitution of counsel and for the appointment of separate counsel to represent defendants.
The general import of the colloquy which took place prior to trial was that Alexander was dissatisfied with his court appointed counsel and had the representation of a retained attorney through the aid of a friend. A denial of a motion for a continuance made on the day of trial on grounds that the defendant is dissatisfied with his attorney has been held to be proper. State v. Austin, 258 La. 273, 246 So.2d 12 (1971).
In State v. Austin, supra, we stated:
"Defendant is entitled to counsel. He may hire whom he chooses. Because he is indigent, he is privileged to have the State appoint an attorney without any cost to him. To permit the accused to discharge his court-appointed counsel on the day of trial, without any showing of incompetence and without having a privately retained attorney present to take his place, would be to permit defendant to choose which lawyer the court must appoint to defend him. We are not aware of any basis in law for such a claim upon the State or upon the members of the bar."
See also State v. Navarre, La., 289 So. 2d 101 (1974), wherein the language quoted above was cited with approval.
Defendants contend that separate attorneys should have been appointed to represent them. At the time of trial, defense counsel did not urge that separate counsel should be appointed for each defendant. The request was made by Alexander. No statement of fact showing that a substantial conflict exists or that the defenses were antagonistic was made. We have held that the mere assertion that separate counsel is needed is insufficient. Specific facts must be presented to the trial judge to show that antagonism or conflict between the defenses does in fact exist. State v. Baker, La., 288 So.2d 52 (1973). Compare State v. Bonner, 252 La. 200, 210 So.2d 319 (1968); State v. Kemp, 251 La. 592, 205 So.2d 411 (1968).
We note that the facts of the case do not indicate that defendants' defenses were antagonistic. On January 29, 1974, Special Agent Charles Park of the Drug Enforcement Administration in New Orleans was following another agent and two informants for surveillance. One of the informants alighted from the car and got into a car in which the defendants were sitting. Defendant Brenda Wilson drove the car while defendant George Alexander sold nine packets of heroin to the informer in the back seat of the car.
Assignment of Error. No. 6 is without merit.

*392 ASSIGNMENT OF ERROR NO. 4
Defendant Alexander filed a motion to recuse the trial judge. The motion was denied, and the defendant assigns error to the denial. In the assignment of error filed with the trial court, defense counsel stated that the motion was based on bias which precluded the judge from conducting a fair and impartial trial. In brief, however, defense counsel asserts that the motion is based on the trial judge's having presided over another case involving the defendant.
In State v. Maduell, La., 326 So.2d 820 (1976), considering the showing necessary for the recusal of a trial judge, we stated:
"Undoubtedly Article 671(1) of the 1966 Code [Code of Criminal Procedure] does enlarge the grounds for recusation by adding bias and prejudice to personal interest in the cause. These causes, however, must be such that the judge would be unable to conduct a fair and impartial trial, and the disqualifying bias, interest, or prejudice must be of a substantial nature.
"Although the grounds for recusation are no longer limited to `interest' as it was when the Laborde case [214 La. 644, 38 So.2d 371 (1949)] was decided, the principle expressed there that the recusation must be based upon more than mere general conclusory allegations remains viable and relevant to the issue."
The fact that the trial court judge presided over another case involving defendant Alexander is insufficient for recusal.
Assignment of Error No. 4 is without merit.
For the reasons assigned, the convictions and sentences are affirmed.
NOTES
[1] The trial court recessed briefly to telephone the attorney allegedly retained by Alexander's friend to represent him. Although the record does not specifically reflect what transpired during the recess, immediately thereafter the court denied the defendant's motion for a continuance.
[2] The bill of particulars filed by Alexander is not part of the record in this case. It is, therefore, impossible to know what specific information was requested therein.
[3] Defendant Alexander presented motions for the consideration of the court. Although the motions were not prepared by his courtappointed attorney, it is not clear if Alexander himself prepared the motions. It appears that at the time he presented the motions, Alexander did so on his own behalf only. However, defense counsel in brief assigns error and treats the denial of defendant Alexander's motions as prejudicing both Wilson and Alexander. Therefore, this Court will treat the motions as though they were filed on behalf of both defendants.