347 So.2d 1156 (1977)
STATE of Louisiana
v.
Richard TRASS and Charles Tollivar.
No. 59423.
Supreme Court of Louisiana.
July 1, 1977.
*1157 Robert Zibilich, Orleans Indigent Defender Program, Lyall G. Shiell, Jr., New Orleans, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
A grand jury jointly indicted the defendants, Richard Trass and Charles Tollivar, with the second degree murder of Allen Johnson, a violation of LSA-R.S. 14:30.1. After a joint trial, a unanimous jury found both guilty as charged. Each defendant received a sentence of life imprisonment without benefit of probation, parole, or suspension of sentence for twenty years.
The defendants appeal. They rely on three assignments of error for reversal of their convictions and sentences.
We adduce the following context facts:
In a conversation, Trass persuaded Tollivar to kill Allen Johnson. Immediately thereafter, Tollivar approached Johnson's car, placed a gun through the window, and shot him.

*1158 ASSIGNMENT OF ERROR NO. 1

(Trass and Tollivar)
In brief, both defendants contend that S-9, a color photograph of the deceased's body, is inadmissible. They argue that the State introduced it solely for inflammatory effect as it lacked any evidentiary value.
A defendant must make a contemporaneous objection to an irregularity or error made at trial and state the grounds therefor in order to avail himself of it on appeal. LSA-C.Cr.P. Art. 841. In a joint trial when one defendant objects, the law presumes that all defendants join in the objection unless the contrary appears. LSA-C.Cr.P. Art. 842.
When the State introduced S-9, defendant Tollivar's counsel said:
"I think [defendant Trass's attorney] has an objection. I have no objection to the evidence." [Tr. 60]
Defendant Trass's counsel then objected.
As Tollivar elected to interpose no objection to the admission of S-9, Articles 841 and 842 prohibit him from urging its inadmissibility on appeal. Trass's objection must, of course, be considered.
S-9 depicts the murder victim's head and chest on a table at the morgue. His face is bloody, and his head lies on a blood stained sheet. There is a clean bullet wound on his chest.
To be admissible, the probative value of an allegedly gruesome photograph must outweigh its prejudicial effect upon the jury. State v. Jones, La., 345 So.2d 1157 (1977); State v. Redwine, La., 337 So.2d 1041 (1976); State v. Smith, La., 327 So.2d 355 (1976). Generally, photographs of a homicide victim's body which show the fatal wound are relevant to prove the death, to corroborate other evidence of the cause of death, to establish the location, severity, and number of wounds, and to prove the identity of the victim. State v. Williams, La., 343 So.2d 1026 (1977); State v. Cooper, La., 334 So.2d 211 (1976); State v. Beach, La., 320 So.2d 142 (1975).
We have examined the photograph of the victim in the instant case. Although unpleasant, the photograph is not gruesome. In any event, it is not "so gruesome as to `overwhelm reason' and cause a jury to lose sight of the need for the prosecutor to establish with sufficient independent evidence the guilt of the accused." State v. Smith, supra.
The photograph established the identity of the victim. It also substantiated the coroner's testimony concerning the cause of death, i. e., gunshot wounds, and his testimony concerning the location of the entry wound.
We conclude that the photograph's probative value outweighs any possible prejudice it may have created in the jury's mind. See State v. Williams, supra; State v. Beach, supra. Therefore, the trial judge properly admitted it into evidence.
These assignments of error are without merit.

ASSIGNMENT OF ERROR NO. 2
After conviction, defendant Trass filed a motion for a new trial. Therein he alleged:
"Counsel for mover and counsel for co-defendant had previously discussed this matter and counsel for Richard Trass was assured that there was no conflict in the defen[dants'] two defen[ses], therefore Richard Trass' attorney did not move for severance. After the State had rested and Richard Trass had rested, the co-defendant put on two witnesses tending to show that Richard Trass and only Richard Trass was the murderer. Had counsel for Richard Trass known this, he would properly have moved for a severance."
Defendant Trass complains of the denial of this motion.
Louisiana Code of Criminal Procedure Article 704 provides:
"Jointly indicted defendants shall be tried jointly unless:
(1) The state elects to try them separately; or

*1159 (2) The court, on motion of the defendant, and after [a] contradictory hearing with the district attorney, is satisfied that justice requires a severance." [Emphasis supplied.]
The defendant Trass did not file a motion for severance prior to or during trial. He complained of the joint trial for the first time in his motion for a new trial.
We faced the same issue in State v. Tytus, 256 La. 962, 240 So.2d 723 (1970). This Court stated:
"This last bill was reserved as to the denial of the defendant Tytus's motion for a new trial following his conviction. "* * *
"We prefer, however, to rest our ruling upon the defendant's waiver of any right he might have had to severance by his going to trial without objection to the joinder. See 23 C.J.S. Criminal Law § 939.
"Tytus and his codefendant were charged jointly with attempted murder by an information filed by the district attorney. Jointly charged defendants are tried jointly unless (a) the state elects otherwise or (b) the court sustains a motion for severance by a defendant. La.Code Crim.P. Art. 704.
"Tytus did not move for severance prior to trial; nor did he make any objection to the joinder until after his conviction. An accused may not complain after his conviction of an error or irregularity in the proceedings unless he objects to it at the time of its occurrence and reserves at the time a bill of exception to an adverse ruling of the court. La.Code Crim.P. Art. 841.
"Under these circumstances, the defendant Tytus's failure to move for a severance or to object to the joinder before trial operates as a waiver of his right to complain of it after his conviction."
See State v. Clark, La., 325 So.2d 802 (1976); State v. Coates, La., Man.Unrep. Cas. 254 (1880). See also State v. Bonner, 252 La. 200, 210 So.2d 319 (1968).
We hold that the failure of the defendant to timely move for a severance constitutes a waiver of any right that he may have had to be tried separately.
This assignment of error is without merit.
For the reasons assigned, the convictions and sentences are affirmed.