**225·15**

NO. _____

ORIGINAL

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 27 2015

Abel Acosta, Clerk

ROY JON ,

PETITIONER

FILED IN
COURT OF CRIMINAL APPEALS

MAR 27 2015

Abel Acosta, Clerk

VS.

STATE OF TEXAS

RESPONDENTS.

PETITION FOR DISCRETIONARY REVIEW

ROY JON
TDCJ-ID #626840
Appearing PRO-SE

NO. _____

ROY JON,

                                      PETITIONER


                          VS.


                    STATE OF TEXAS

                                      RESPONDENT.

---

IDENTITY OF PARTIES

---


THE STATE OF TEXAS
REPRESENTATIVE
Craig Watkins
Frank Crowley Courts Bldg.
133 N. Riverfront Blvd., LB 19
Dallas, Texas 75207-4399


Hon. Carter Thompson
Judge Presiding
Criminal District Court No. 5
Frank Crowley Court Bldg.
133 N. Riverfront Blvd..LB 45, 5th Fl
Dallas, Texas 75207


ROY JON
TDCJ-ID No.#626840
Ellis Unit
1697 FM. 980
Huntsville, TEXAS 75207

Defendant-Petitioner

i

# TABLE OF CONTENTS

Pages

IDENTITY OF PARTIES AND COUNSEL                    i

TABLE OF CONTENTS                                  ii

INDEX OF AUTHORIES                                 iii

STATEMENT OF THE CASE                              1

STATEMENT OF JURISDICTION                          2

ISSUES PRESENTED FOR REVIEW                        3

STATEMENT OF THE FACTS                             4

SUMMARY OF THE ARGUMENT                            5

ISSUE ONE                                          6-7

ISSUE TWO                                          8-9

PRAYER FOR RELIEF                                  9

DECLARATION                                        9

CERTIFICATE OF SERVICE                             9

# INDEX OF AUTHORITIES

| FEDERAL CASES | PAGES |
|---|---|
| DOUGLAS VS. CALIFORNIA, 372 U.S. 353, 9 L.Ed.2d.811 | 6 |
| GRIFFIN VS. ILLINOIS, 351 U.S. 12, 100 L.Ed. 891 | 6 |
| LANE VS. BROWN, 372 U.S. 477,484,9 L.Ed.2d. (1963) | 7 |
| LONG VS. DISTRICT COURT, 383 U.S. 192, 17 L.Ed.2d. (1966) | 7 |
| UNTIED STATES VS. MacCOLLOM, 426 U.S. 317,325, 48 L.Ed.2d. (1976) | 7 |
| BONNER VS. HENDERSON, 517 F.2d. 135 (5th cir. 1975) | 7 |

| TEXAS CASES | PAGES |
|---|---|
| TEXAS CODE OF CRIMINAL PROCEDURE  RULE 26.04 | 5 |
| TEXAS CONSTITUTION  ARTICLE  V. § 5, 6, and 8 | 6 |

## STATEMENT OF THE CASE

Petitioner filed his Writ Of Habeas Corpus pursuant to articles 11.01; 11.02; 11.04; and 11.05 of the Texas Code of Criminal Procedure; and article 1 section 12 and 5 section 8, of the Texas Constitution, requesting a complete copy of his trial transcripts and/or for the court to loan him the transcripts for review. To show cause the petitioner clearly established that he was denied his right to a direct appeal by and through ineffective assistance of counsel.

The writ of habeas corpus was filed in the criminal district court No. 5, Dallas County, Texas, the Honorable Carter Thompson, Judge Presiding.

The judgment of the trial court. Judge Thompson entered judgment denying petitioner's writ of habeas corpus on December 18,2014. see W92-63805.

Petitioner appeal the judgment to the Court of Appeals Fifth District of Texas at Dallas.

The panel that decided the case was composed of Justices Lang-Miers, who delivered the opinion, Bridges and Myers participating. The court of appeals rendered its judgment and issued an opinion on January 23,2015. see 05-15-00075-CR.

The opinion of the court of appeals is unpublished.

The court of appeals dismissed the petitioner's appeal for want of jurisdiction

1.

## STATEMENT OF JURISDICTION

The Court of Criminal Appeals has jurisdiction over this appeal because it involves a question of federal law, and is authorized by the Texas Constitution article V. section 8.

## ISSUES PRESENTED FOR REVIEW

ISSUE ONE:    Does the petitioner have a federal and state constitutional right to appeal his felony conviction ?

ISSUE TWO:    Does the petitioner have a federal and state constitutional right to review his trial transcripts ?

3.

## STATEMENT OF THE FACTS

The trial court erred in its opinion on December 18,2014, because his application was not based on using the transcripts to prepare the petitioner's application for a post-conviction writ of habeas corpus. Petitioner alleged that he was denied his right to a direct appeal by and through ineffective assistance of counsel, his requestfor a complete copy of the transcripts and/or to simply allow him to review the transcripts on a temporary loan basis was within the Texas Code of Criminal Procedure. The trial court is invested with the judicial authority to preside and adminster the law in a court of justice. His official oath declares that he will faithfully discharge the duties of the same.

It is clear by the trail court recourts that the appellant was denied his right to a direct appeal. Appellant has a valid claim of ineffective assistance of counsel, when his trial counsel failed to file a requested notice of appeal. Thus, it is obviously clear that his State and Federal Constitutional rights has been impeded on by his trial counsel and the trial court. There are issues that must be resolved and the trial court has a judicial duty to correct a miscarriage of justice. The trial court has deprived the petitioner for (20) twenty years his constitutional right to review the transcripts.

Petitioner need not prove his entitlement to review the records because he has established a prima facie on the face of the records that he has been denied a diect appeal and that his trial counsel was ineffective in his duty to represent him in a court of law. This is all that is required by State and Federal law. see the recourt submitted in this case.

4.

## SUMMARY OF THE ARGUMENT

Petitioner has a constitutional and statutory right to access to his trial court transcripts by and through the Texas Constitution, that is supported by the fourteenth amendment to the United States Constitution. The trial courts "ORDER" would abridge the petitioner's State and Federal constitutional right to adequately present his claims befor the trial court.

# ARGUMENT

ISSUE ONE:    Does the petitioner have a federal and state constitutional right to appeal his felony conviction ?

## ARGMENT & AUTHORITY

Petitioner pleaded not guilty to the charges of delivery of a controlled substance. He contends that there was "NO" evidence provided to the court in which to establish his guilty verdict. The prosecutor withheld a material witness that would have determine the petitioner's innocence. Petitioner requested to his trial counsel his desire to appeal the courts judgment, and his counsel failed to comply with his request. In doing so, petitioner filed a pro-se notice of appeal. Petitioner's trial counsel was aware that the petitioner was attempting to appeal his conviction and he maliciously interferred with the process of his appeal by not informing the courts that petitioner wrote him on numerous occasions requesting assisance with his appeal and he lied to the court that petitioner did not request to appeal his conviction.

The trial court and the district clerk refuse to process petitioner's pro-se notice of appeal, and failed to appoint an attorney to present him on appeal. petitioner argues that the Texas Code of Criminal Procedure article 26.04 (Vernon 1989), provides that an attorney appointed to represent a defendant in a felony case, "shall represent the defendant until the charges are dismissed, defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties by the court or replaced by another counsel. In this case the trial counsel was aware of the petitioner's desire to appeal and failed to file the appropriate documentation such as: Notice of Appeal; motion for new trial; and motion for appointment of appellate counsel or to withdraw as counsel". The petitioner's pro-se notice of appeal give the trial court, district clerk, and trial counsel notice of his constitutional right to appeal the courts judgment or his desire to appeal his conviction. The petitioner successfully met his burden of showing that he was not represented by counsel during a critical stage of the prosecution and therefore "GOOD CAUSE" exist under the Texas Rule Appellate Procedure , Rule 2(b) to suspend the requirement of the Texas Rule of Appellate Procedure, Rule 31(a)(1).

6.

The Texas Constitution set out appellate jurisdiction of both the Court of Criminal Appeal and the Court of Appeals. see Texas Constitution, article V. § 5 (Provides that criminal jurisdiction in an appellate court is held in the court of criminal appeals). Texas Constitution article V. § 6 (provides for appellate jurisdiction for the court of appeals). Thus, the right to appeal a felony conviction in Texas is Statutory and not constitutional.

Petitioner contends that it is evident that he is and was indigent at the time of his trial and he did not receive any practical assistance of counsel in protecting and preserving his appellate rights to appeal his conviction. Thus, he has been denied effective assistance of counsel on appeal in violation of his due process right under the Fourteenth Amendment and his due course of law rights under article 1 § 10, the Bill of Rights were also violated. see GRIFFIN VS. ILLINOSIS, 351 U.S. 12 (1956); and DOUGLAS VS. CALIFORNIA, 371 U.S. 353 (1963).

# ARGUMENT

ISSUE TWO:    Does the petitioner have a federal and state constitutional right to review his trial transcripts ?

## ARGUMENT & AUTHORITY

The trial court has ordered that the appellant be denied a complete copy of the transcripts for free, in order to prepare his application for a post-conviction writ of habeas corpus. The court comcluded that the petitioner failed to sufficiently state a particularize need for the requested transcripts. The trial court failed to address the petitioner's request for a loan of the transcripts for a limitee time. see cause no. W92-63805-L, ORDER dated December 18,2014.

In Griffin Vs. Illinsis, plurality the Supreme Court held that "[d]estitute defendant must be afforded as adequate appellate review as defendants who have money enough to buy transcript", Lane Vs. Brown, 372 U.S. 477, 484, 83 S.Ct. 768, 772, 9 L.Ed.2d. 882(1963). extended "the Griffin principle [to] appl[y] to state collateral proceedings". Indigents must be furnished a copy of the transcripts for appellate review of an adverse decision in post-conviction proceedings. Long Vs. District Court, 385 U.S. 192, 87 S.Ct. 362, 17 L.Ed.2d. 290(1966)(PER CURIAM). This principle is equally applicable to proceeding in federal courts collaterally attacking state convictions, and we do not understand the state to contends otherwise in the present case.

Indigents, however, cannot obtain transcripts merely to serach for grounds for relief Bonner Vs. Henderson, 517 F.2d. 135 (5th cir.1975)(PER CURIAM). The district court has the power to order a free transcript furnished, [for an indigent] if it finds that the, suit is not frivolous and that the transcripts is needed to decide the issue presented. United States Vs. MacCollom, 426 U.S. 317,325, 96 S.Ct. 2086,2091, 48 L.Ed.2d.666 (1976) (plurality opinion)(quoting 28 U.S.C. § 753(f)). The cause is frivolous "if the petitioner can make no rational argment in law or facts to support his claim for relief".

In the appellant's application under article's, 11.01; 11.02; 11.04; and 11.05, where he alleged facts that if liberally construed, the "inartful pleadings", he clearly stated that he was actually innocence of the charged indictment, and that his trial counsel was ineffective because he did not file his requested "NOTICE OF APPEAL", and there was allegations that the state withheld a material or alibi witness to this crime he is being convicted of, and the witness could have proved that the petitioner was innocence. This assertion, on its face, alleges more than ineffectivenesss because of a failure to appeal. It is broad enough to encompass all aspects of counsel's performance, and the court's duty is to contrue pro-se pleadings liberally.

## PRAYER FOR RELIEF

Based upon the undisputed facts, the law and arguments contained hereinq, petitioner respectfully prays that this court sustain petitioner's issues and allow his access to the trial court transcripts.

## DECLARATION

I, ROY JON, TDCJ NO.#626840, declare under penality of perjury that the foreqoinq is true and correct to the best of his ability pursuant to 28 U.S.C. § 1746

/S/- ROY JON (#626840) pro-se

ROY JON (#626840) pro-se

## CERTIFICATE OF SERVICE

I, ROY JON, 626840, do hereby certify that a true and correct copy of the above "PETITION FOR DISCRETIONARY REVIEW", has been served by placing same in the U.S. Mail Box on this 23 rd. day of March 2015. addressed to

Abel Acosta     Clerk
Court of Criminal Apeals
Supreme Court Bldg.
201 W. 14th St. Rm. 106
Austin, Texas 78711-2308

RESPECTFULLY SUBMITTED

ROY JON #626840 pro-se
O.B. Ellis Unit
1697 FM. 980
Huntsville, Texas 77340

C.C. FILED

9.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00075-CR

**ROY JON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the Criminal District Court No. 5
Dallas County, Texas
Trial Court Cause No. W92-63805-L

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Lang-Miers

Roy Jon was convicted of delivery of a controlled substance and sentenced to twenty-five years' imprisonment in 1992. No appeal was taken from that conviction. Appellant has filed several applications for writ of habeas corpus in both the state and federal courts.[1] On October 21, 2014, appellant filed an "application for writ of habeas corpus" in the trial court to obtain a copy of the trial court record so that he can file a post-conviction application for writ of habeas corpus. The trial court denied the "application" by written order dated December 18, 2014, and this appeal followed. We conclude we lack jurisdiction over the appeal.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be

---

[1] The background information is taken from the pro se brief appellant filed with his notice of appeal.

legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.* at 523. "The standard to determine whether an appellate court has jurisdiction to hear and determine a case 'is not whether the appeal is precluded by law, but whether the appeal is authorized by law.'" *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)). The right to appeal in a criminal case is a statutorily created right. *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006); *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004). *See also* TEX. CODE CRIM. P. ANN. art. 44.02 (West 2006) (providing right of appeal for defendant); TEX. R. APP. P. 25.2(a)(2) (rules for appeal by defendant). Appellate courts may consider appeals by criminal defendants only after conviction or the entry of an appealable order. *See Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.).

In appellant's first issue in his pro se brief, he contends he was denied the right to appeal in 1992 due to ineffective assistance of counsel. In his second issue, he challenges the trial court's order denying his motion to obtain the trial record so that he can establish he was actually innocent of the charges and that trial counsel was ineffective in not appealing the conviction.

An order denying a motion for post-conviction access to the trial court record is not an appealable order. *See Wright*, 969 S.W.2d at 589. Moreover, this Court has no jurisdiction to review appellant's claim that trial counsel was ineffective in not filing a notice of appeal in 1992 and has no authority to grant appellant an out-of-time appeal. *See* TEX. R. APP. P. 26.2(a); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam).

We dismiss the appeal for want of jurisdiction.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

150075F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROY JON, Appellant

No. 05-15-00075-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 5, Dallas County, Texas
Trial Court Cause No. W92-63805-L.
Opinion delivered by Justice Lang-Miers,
Justices Bridges and Myers participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of
jurisdiction.

Judgment entered this 23rd day of January, 2015.