509 So.2d 98 (1987)
STATE of Louisiana
v.
Kelvin ROBERTSON.
No. 86-KA-1670.
Court of Appeal of Louisiana, First Circuit.
May 27, 1987.
*99 Bryan Bush, Dist. Atty., Office of the District Attorney, by Kay Howell, Asst. Dist. Atty., Baton Rouge, for plaintiff/appellee.
Otha Curtis Nelson, Sr., Baton Rouge, for defendant/appellant.
Before EDWARDS, WATKINS and LeBLANC, JJ.
*100 EDWARDS, Judge.
Defendant, Kelvin Jerome Robertson, was charged with armed robbery and aggravated burglary in violation of LSA-R.S. 14:64 and 14:60. He pled not guilty, but a jury returned a responsive verdict of guilty of simple robbery, a violation of LSA-R.S. 14:65, and not guilty of aggravated burglary. Robertson appeals, alleging seven assignments of error. Defendant questioned, but did not formally brief, the issue of sufficiency of the evidence, nor did he formally assign it as an error. Therefore, we do not consider it herein.

FACTS
Shannon Williams was robbed by two men who forced their way into his house on December 26, 1985. The men, later identified as defendant and Gregory Green, claimed they were having car trouble and asked for help. Robertson and Green then pushed Williams into his kitchen where Robertson grabbed a bread knife which he used to threaten Williams while Green ransacked the house. They stole Williams' stereo, wallet, keys, and his 1986 Nissan pickup truck. After they left, Williams called the police and described the robbers.
The next day, East Baton Rouge Parish Sheriff's Deputy Silas Geralds stopped the stolen truck and attempted to arrest defendant and Green, but they escaped on foot. They were eventually arrested and positively identified as the robbers by Shannon Williams. After a joint trial, Kelvin Robertson and Gregory Green were each found guilty of simple robbery and sentenced to seven years at hard labor. Green is not a party to the instant appeal.

ASSIGNMENT OF ERROR NUMBER ONE
In this assignment of error, defendant contends that the trial court erred in denying his motion for a severance. LSA-C. Cr.P. art. 704 provides: "Jointly indicted defendants shall be tried jointly unless ... justice requires a severance." The defendant contends that he was denied a fair trial, received a greater sentence, and was denied post-conviction bail because of the actions of co-defendant Green. Defendant points to the fact that Green had several other criminal charges pending against him and also that, on the third day of the trial, the trial court revoked Green's bond and ordered him held in custody for the remainder of the trial because he appeared late for the third time.
Defendant fails to mention his extensive juvenile record and the fact that he had been convicted of simple burglary of an inhabited dwelling just several weeks before the instant trial. At the time the defendant filed his motion for severance, he too was facing several other criminal charges. In any event, we note that the Louisiana Supreme Court has previously rejected severance motions urged on the ground that a defendant might be prejudiced if tried with a co-defendant who had a lengthy criminal record. State v. Medlock, 297 So.2d 190 (La.1974). Furthermore, the defendant failed to allege any of the traditionally recognized grounds for severance, such as the inability to cross-examine a co-defendant, or the existence of antagonistic defenses. State v. Prudholm, 446 So.2d 729 (La.1984).
The accused is not entitled to a severance as a matter of right. Since the decision rests within the sound discretion of the trial court, the denial of a motion to sever will not be overturned on appeal absent a clear abuse of discretion. State v. Webb, 424 So.2d 233 (La.1982). We find no abuse of discretion by the trial court in denying defendant's motion to sever in this case. This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER TWO
In this assignment of error, the defendant contends that the trial court erred in allowing him to be fingerprinted by an expert witness in the presence of the jury since this violated his right against self-incrimination. However, the trial court correctly overruled this objection since it is well established that the Fifth Amendment restriction against self-incrimination applies *101 only to testimonial evidence. It is not violated by the gathering of physical evidence, such as fingerprints, from the accused. State v. Taylor, 422 So.2d 109, 116 (La.1982), cert. denied, 460 U.S. 1103, 103 S.Ct. 1803, 76 L.Ed.2d 367 (1983).
Defendant argues the trial court erred in allowing expert testimony concerning a comparison of defendant's fingerprints taken in court with the latent thumbprint lifted from a drinking glass found in Shannon Williams' kitchen. Defendant argues that the prosecution failed to show properly a chain of custody of the latent thumbprint. Since this objection was not made in the lower court, it cannot be availed of on appeal. LSA-C.Cr.P. art. 841; State v. Burgy, 320 So.2d 175, 176 (La.1975).
Moreover, after a thorough review of the testimony concerning the latent thumbprint, we conclude that it is more probable than not that the latent thumbprint introduced into evidence was the same one that was taken from a drinking glass on the kitchen counter of Shannon Williams' residence. See State v. McCabe, 420 So.2d 955, 960 (La.1982). This assignment of error is meritless.

ASSIGNMENT OF ERRORS NUMBERS THREE AND FOUR
In these assignments of error, defendant contends that the trial court erred in overruling his objections to the state's introduction of a Nissan key, Serial # X5720, and a kitchen knife into evidence. He argues that the prosecution failed to show the proper chain of custody of these exhibits. We disagree.
Demonstrative evidence can be admitted into evidence only after it is shown that it is more probable than not that the evidence is connected to the case. This foundation can be laid by establishing a continuous chain of custody of the evidence or by visual identification. Once the foundation is established, the weight to be given the evidence is a question for the jury. State v. Kirkley, 470 So.2d 1001, 1012 (La. App. 1st Cir.), writ denied, 475 So.2d 1105 (La.1985), cert. denied, 474 U.S. 1061, 106 S.Ct. 808, 88 L.Ed.2d 783 (1986).
Shannon Williams testified that the defendants took his keys and stole his blue, 1986 Nissan pickup truck. The defendant was arrested the next day, placed in the back seat of Sgt. Callahan's police car and returned to where the Nissan was parked. After defendant was transferred to another vehicle, Sgt. Callahan testified that he removed his back seat and found a key and a watch. He gave the key to Lt. Paul Moranto, who used it to start the stolen Nissan pickup truck. This testimony was corroborated by Lt. Maranto, who also testified that he placed the Nissan key into an evidence envelope and recorded the serial number, X5720, on the outside of the envelope. Reviewing the testimony about the Nissan key, we conclude that it is more probable than not that the Nissan key introduced into evidence as State Exhibit 2 was the same key taken from Shannon Williams during the robbery. Under the circumstances, we find that the trial court correctly overruled the defendant's objection and allowed the key into evidence.
Shannon Williams also testified that when Kelvin Robertson entered the kitchen, he armed himself with a "bread knife." Williams positively identified the knife and stated that the police officers took it as evidence. This testimony was corroborated by Officer Richard Cochran, who testified that State Exhibit 3 was "a large knife" which he collected from the scene of the crime. Officer Cochran testified that he placed his initials on the blade of the knife, tagged it, and placed it into evidence.
Reviewing the testimony about the kitchen knife, we conclude that it is more probable than not that the knife introduced into evidence as State Exhibit 3 was the same knife used by Kelvin Robertson to threaten Shannon Williams during the robbery. Under the circumstances, we find that the trial court correctly allowed the knife into evidence.

ASSIGNMENT OF ERROR NUMBER FIVE
In this assignment of error, the defendant contends that the trial court erred in *102 denying his motion for a mistrial. After the jury retired for deliberations, the trial court received a note from the foreman of the jury stating that one of the jurors realized that he had encountered the victim, Shannon Williams, on two previous occasions. The trial court questioned the juror, Sam Fruit, about the note. Mr. Fruit stated that during Shannon Williams' testimony about his employment, Mr. Fruit realized that Shannon Williams had waited on him while employed at Rax Restaurant and the Texaco station. When the trial court asked Mr. Fruit if he felt this situation would influence his judgment, the juror replied: "No, I don't think that in any way would influence my decision." Defense counsel requested a mistrial, arguing that the defendant had been denied his right to a fair and impartial jury. The trial court denied defendant's motion, pointing to the fact that the juror had indicated that these encounters would not influence his decision in the case. Mr. Fruit did not intentionally mislead defense counsel on voir dire because he did not realize that Mr. Williams had waited on him until Williams' testimony at trial. The trial court's questioning of Mr. Fruit showed that he could serve without bias as a fair and impartial juror.
A mistrial may be ordered when false statements of a juror on voir dire prevent a fair trial. LSA-C.Cr.P. art. 775(6). Disclosure during the trial that a juror knows a witness, including the victim, does not necessarily prevent a fair trial. The connection must be such that one must reasonably conclude that it would influence the juror in arriving at a verdict. State v. Meriwether, 412 So.2d 558, 560 (La.1982). Under the circumstances, we are unable to say that the trial court abused its discretion in denying the motion for a mistrial.

ASSIGNMENT OF ERROR NUMBER SIX
In this assignment of error, the defendant contends that the trial court erred in imposing an excessive sentence. Article 894.1 of the Louisiana Code of Criminal Procedure sets forth items which must be considered by the trial court before passing sentence. The trial court need not recite the entire checklist of art. 894.1, but the record must reflect that it adequately considered the guidelines. State v. Davis, 448 So.2d 645, 653 (La.1984). The trial court has wide discretion in the imposition of sentences and a sentence within statutory limits will not be set aside in the absence of an abuse of discretion. State v. Wardlow, 448 So.2d 257, 259 (La.App. 1st Cir.1984).
The trial court satisfied the criteria set forth in LSA-C.Cr.P. art. 894.1. The sentencing record reflects that the court found several aggravating circumstances. The court noted that while the defendant was only classified as a first felony offender, he was also being sentenced for an unrelated felony conviction of simple burglary of an inhabited dwelling in addition to being sentenced for the instant felony conviction. The presentencing investigation contained information about the defendant's extensive criminal record which the court relied on in sentencing him. The court stated that Robertson would be a very poor probation risk and that there was an undue risk that he would commit other crimes if given a sentence of probation. Finally, the court also concluded that any lesser sentence would deprecate the seriousness of the offense.
The maximum sentence for simple robbery is seven years at hard labor and a fine of $3,000.00. LSA-R.S. 14:65. The defendant received the maximum sentence of seven years at hard labor but was not fined. Only the most serious offenses and the worst offenders warrant a maximum sentence. State v. Easley, 432 So.2d 910 (La. App. 1st Cir.1983). Clearly, this was the most serious possible type of offense in the category of simple robbery, since the uncontroverted facts in this case indicate that it was actually an armed robbery. Defendant's lengthy juvenile record, drug problem, his recent felony conviction, and other charges for armed robbery and aggravated burglary indicate that he is also the worst type of offender in the category of simple robbery. After a careful review of the record, we find that the trial court articulated *103 a well-reasoned determination for the sentence it imposed.

ASSIGNMENT OF ERROR NUMBER SEVEN
In this assignment of error, the defendant contends that the trial court erred in refusing to grant him a post-conviction bond pending the outcome of this appeal. Since a transcript of the post-conviction bond hearing is not contained in the record, we cannot review the trial court's reasons in this matter. In any event, considering the aggravating circumstances noted by the trial judge in his sentencing reasons, the release of the defendant under these circumstances would pose a danger to the public. We find no abuse of the trial court's great discretion in denying the defendant's request for post-conviction bail. See LSA-C.Cr.P. art. 314; State v. Strickland, 398 So.2d 1062 (La.1981). This assignment of error is without merit.
Accordingly, for the above reasons, the conviction and sentence are affirmed.
AFFIRMED.