537 So.2d 1244 (1989)
STATE of Louisiana
v.
Tyronne JONES and Glenn A. Martin.
No. KA-7120.
Court of Appeal of Louisiana, Fourth Circuit.
January 17, 1989.
*1246 Harry F. Connick, Dist. Atty., Sandra Pettle, Asst. Dist. Atty., New Orleans, for appellee.
M. Craig Colwart Orleans Indigent Defender Program, New Orleans, for defendant.
Before CIACCIO, LOBRANO and WILLIAMS, JJ.
WILLIAMS, Judge.
Defendants Glenn Martin and Tyronne Jones each appeal their conviction of armed robbery, a violation of LSA-R.S. 14:64. The issues before this court with respect to Martin are: 1) whether he was denied a right to a trial by jury; 2) whether he was prejudiced by his joinder with defendant Jones, who had a record of previous felony convictions; 3) whether, viewing the evidence in the light most favorable to the prosecution, any reasonable trier of fact could have found Martin guilty beyond a reasonable doubt; and 4) whether he was denied effective assistance of counsel. The issues with respect to Jones are: 1) whether the trial court properly adjudicated him a second felony offender, i.e., a) whether he was properly Boykinized in the predicate convictions; b) the sufficiency of documentary evidence introduced at the multiple bill hearing; c) whether his guilty pleas in the predicate convictions were invalidated by the trial court's misstatement of the maximum penalty; and d) whether he was sufficiently identified at the multiple bill hearing as the perpetrator of the prior offenses; and 2) whether the sentence imposed was excessive. After viewing the record and the law applicable to this case, we affirm.
Defendants were convicted in a judge trial on August 28, 1986. After waiving legal delays, Martin and Jones were sentenced to five and twelve years at hard labor, respectively. After a multiple bill hearing on October 24, 1986, the trial court found Jones a second felony offender and re-sentenced him to 33 years at hard labor pursuant to LSA-R.S. 15:529.1.
Both defendants, through counsel, appeal the convictions on the basis of patent error review. By order of this court, Martin's two writ applications raising issues appropriate for appeal were filed herein as a supplemental brief. The brief contains Martin's four assignments of error, all of which we consider in this appeal. Further, Jones filed a supplemental brief assigning as error his adjudication and sentence as a habitual offender.
Wilfred Henley, Jr., the victim and a driver for Morrison Cab Co., testified that on the evening of March 4, 1986, he drove to 2414 South Derbigny Street in response to a call. There he picked up Martin and Jones, who had been visiting with Terry Johnson, a relative to both defendants. *1247 Both defendants entered the back seat of the cab. Henley drove defendants to their requested destination, the 2100 block of General Taylor Street. When Henley stated his fare, defendants grabbed him from behind, Martin securing Henley's forehead and Jones holding a knife to his neck. Henley surrendered $19.00 when defendants demanded money. Martin took the money and exited the cab, at which time Henley grabbed the blade of the knife and sped away with Jones still in the back seat. Henley received a small cut on his hand. After traveling several blocks, Henley stopped the cab, and Jones fled. Henley radioed his company dispatcher.
James Anderson, one of the NOPD officers who responded to the Henley call, testified that when they arrived Henley relayed what had just transpired. Anderson saw the laceration on Henley's thumb. Henley directed the police to 2414 South Derbigny, where they met with defendants' relative, Terry Johnson. They then proceeded to 2131 General Taylor, based on the information they obtained from Johnson. The officers were there speaking with Jones' aunt when Jones approached the house on foot. Henley was called to the scene and positively identified Jones as a perpetrator of the armed robbery. The police then learned that Martin was at 2200 General Taylor and proceeded to that address. There, Henley positively identified Martin as the second perpetrator. Henley also identified both defendants at trial.
Defendants' brief which was filed by counsel requests review of the record for errors patent. A review of the record reveals none.
Defendant Martin contends that he was denied the right to a trial by jury. We will consider this as assignment of error number one.
The right to trial by jury is protected by La. Const. Art. I, § 17 (1974). Except in capital cases, a defendant may knowingly and intelligently waive trial by jury and elect to be tried by the judge. LSA-C.Cr.P. arts. 780, 782; State v. Wilson, 437 So.2d 272 (La.1983). In Wilson, the Louisiana Supreme Court dictated that the defendant must act voluntarily and knowingly for the waiver of trial by jury to be valid. The court stated that the trial judge should "advise the defendant personally on the record of his right to trial by jury and require the defendant to waive the right personally either in writing or by oral statement in open court on the record." Id. at 275.
In the present case, the following colloquy occurred between the trial judge and Martin:
BY THE COURT:
And Mr. Martin, what is your desire?
MR. SMITH [Martin's counsel]:
Your Honor, Mr. Martin is going to have a Judge trial.
BY THE COURT:
All right, let me talk to both of you now about this. Let me talk first to Mr. Martin. Mr. Martin, you understand that you have a right to a jury trial in this case?
THE WITNESS [Martin]:
Yes.
BY THE COURT:
Do you know what a jury trial is?
THE WITNESS:
Yes.
BY THE COURT:
All right, you have a right to have a 12 person jury trial, but you can give up that right and be tried by the Court alone, meaning me. The case would be presented to me as trial Judge, do you understand that?
THE WITNESS:
Yes.
BY THE COURT:
And that I would decide the case without anyone's help, do you understand that? So on the one hand you have a right to a jury trial, on the other hand, you can give up that right and be tried by the Court alone. Have you talked to Mr. Smith about this?
THE WITNESS:
Yes.
BY THE COURT:
*1248 What is your choice?
THE WITNESS:
Judge.
BY THE COURT:
Meaning me alone, no jury?
THE WITNESS:
Right.
It is clear that Martin was made aware of his right to a trial by jury and that Martin's choice was his own made voluntarily and intelligently. The trial judge advised Martin personally on the record of his right to a jury trial. Martin acknowledged his understanding of the difference between a jury trial and a judge trial. Martin personally waived his right to a trial by jury in open court on the record.
Therefore, Martin's first assignment is without merit.
In his next assignment of error, Martin contends he was prejudiced by his joinder at trial with his co-defendant Jones, who had a felony record. We disagree.
Defendants in this case were charged in the same bill of information. See LSA-C.Cr.P. art. 494. Jointly indicted defendants shall be tried jointly unless the State elects to try them separately or the Court, on motion of the defendant and after contradictory hearing with the district attorney, is satisfied that justice requires a severance. LSA-C.Cr.P. art. 704. Martin asserts that Jones' prior criminal record created a "cloud of doubt which ... drifted over (Martin)," thereby resulting in an unjust and prejudicial joinder.
Martin's assignment is urged for the first time on appeal, after his conviction and sentence. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. LSA-C.Cr.P. art. 841. Martin's failure to timely move for a severance constitutes a waiver of his objection under Article 841. State v. Trass, 347 So.2d 1156 (La.1977); See State v. Bonner, 210 So.2d 319 (La. 1968).
Nonetheless, we note that defendant was not prejudiced by his failure to object. A defendant is not entitled to a severance as a matter of right. Rather, the decision rests within the sound discretion of the trial judge. State v. Robertson, 509 So.2d 98 (La.App. 1st Cir.1987). A defendant's motion to sever based on the criminal record of a co-defendant does not, in itself, warrant a severance. State v. Robertson, supra; State v. Medlock, 297 So.2d 190 (La.1974); State v. Smith, 283 So.2d 470 (La.1973).
Therefore, Martin's second assignment is without merit.
Next, Martin sets forth various allegations which effectively constitute an assertion of insufficient evidence to convict him of the crime charged. Specifically, Martin points to lack of physical evidence of the weapon used and inconsistencies in the testimony of State's witnesses.[1] We consider this as Martin's third assignment of error.
When reviewing sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Rosiere, 488 So.2d 965 (La.1986); State v. Fuller, 414 So.2d 306 (La.1982).
Under LSA-R.S. 14:64, armed robbery is 1) the taking; 2) of anything of value belonging to another; 3) from the person of another or that is in the immediate control of another; 4) by use of force or intimidation; 5) while armed with a dangerous weapon. State v. Augustine, 482 So.2d 150 (La.App. 4th Cir.1986). Furthermore, LSA-R.S. 14:24 provides: "All persons concerned in the commission of a crime, ... whether they directly commit the act constituting *1249 the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals."
Viewing the evidence in the light most favorable to the prosecution in the instant case, it is clear that any rational trier of fact could have found beyond a reasonable doubt that Martin was a principal in the commission of armed robbery. Henley testified that Martin held him across the forehead while Jones held a knife to his throat. In response to the perpetrators' demand for money, Henley surrendered $19.00 to Martin, who held it as he fled the cab. Henley identified both defendants as the perpetrators shortly after the crime and again at trial. Martin's argument that there was insufficient evidence to prove that a knife was used is without merit. Not only did Henley testify that a knife was used and that he cut his hand on it, but also this testimony was corroborated by the police officer who stated that he saw the cut on Henley's hand.
Martin's allegation that the evidence was insufficient due to contradictory testimony is without merit. Conflicting testimony as to factual matters is a question of weight of the evidence, not sufficiency. State v. Converse, 515 So.2d 601 (La.App. 1st Cir.1987); State v. Delatte, 504 So.2d 1067 (La.App. 1st Cir.1987). When testimony is conflicting, the credibility of the witnesses is a determination which is within the sound discretion of the trial court. Like all questions of fact, this determination is entitled to great weight and will not be disturbed unless clearly contrary to the evidence. State v. Vessell, 450 So.2d 938 (La.1984); State v. Hupp, 514 So.2d 271 (La.App. 5th Cir.1987). It is not the function of the appellate court to assess the credibility of witnesses or reweigh the evidence. Rather, the appellate court should evaluate the minimal constitutional sufficiency of evidence as set forth in Jackson v. Virginia, supra; State v. Rosiere, supra; State v. Falls, 508 So.2d 1021 (La.App. 5th Cir.1987). Even where the record contains evidence conflicting with the testimony accepted by the trier of fact, the evidence accepted by the trier of fact is not rendered insufficient. State v. Teeter, 504 So.2d 1036 (La.App. 1st Cir.1987).
Thus, Martin's third assignment of error is without merit.
In his next assignment of error, Martin contends he was denied effective assistance of counsel. Specifically, Martin alleges that his counsel insisted on a judge trial, failed to properly examine the State's witnesses, and failed to move for a severance when he was aware of co-defendant Jones' prior criminal record.
A claim for ineffective assistance of counsel is more properly the subject of an application for post conviction relief in the district court where a full evidentiary hearing may be conducted. State v. Teeter, supra. However, in the interest of judicial economy, the issue may be considered on appeal where, as here, the record discloses sufficient evidence to decide the issue. State v. Teeter, supra; State v. Robinson, 461 So.2d 403 (La.App. 4th Cir.1984); State v. Sly, 443 So.2d 1163 (La.App. 4th Cir.1983).
The test for assessing a claim of ineffective assistance of counsel was delineated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Defendant must show that counsel's performance was deficient, i.e., counsel made errors so serious that he was not functioning as "counsel" guaranteed by the Sixth Amendment, and that the deficiency prejudiced defendant, i.e., deprived defendant of a fair trial. Id. 104 S.Ct. at 2064. In assessing prejudice, defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is probability sufficient to undermine confidence in the outcome. Id. at 2068.
First, Martin's allegation that his counsel insisted on a judge trial is simply not supported by the record. As previously discussed, Martin personally made an intelligent and voluntary waiver of a jury trial on the record when personally informed and questioned by the trial judge.
*1250 Likewise, Martin's allegation that counsel was remiss in examining the State's witnesses is not factually supported by the record. Counsel questioned Henley in detail on exactly what Henley reported to the police office at the time of the incident. Counsel also scrutinized the officer's testimony concerning Henley's description of events on the night the crime occurred. Clearly, this was all done in an attempt to show Martin was not a principal, and thereby exculpate him. Accordingly, defense counsel's performance in examining the State's witnesses was not deficient.
Next, Martin alleges his counsel's failure to move for a severance constituted ineffective assistance. The record shows both Martin and Jones testified to the same version of events. Thus, there is no showing of inconsistencies in their testimony as would amount to antagonistic defenses under LSA-C.Cr.P. art. 704, comment (c). On the contrary, the testimony of the two defendants corroborated each other. Martin argues that he was prejudiced by admission into evidence of Jones' prior convictions.[2] However, as previously discussed, the prior criminal record of a co-defendant is not grounds for severance. Moreover, Martin makes no showing that the loss of Jones' corroborating testimony would have changed the result of the trial.
Therefore, Martin's fourth assignment of error is without merit.
We now turn to the assignments urged by defendant Jones.
Jones contends in his first assignment of error that the trial court erred in adjudging him a multiple offender.
Evidence introduced at the multiple bill hearing included bills of information, plea of guilty forms, docket masters and minute entries, as well as a copy of the Boykin transcript, from the two prior offenses. All were introduced without defense objection.
Jones first alleges that his guilty pleas in the predicate convictions were unconstitutionally obtained because he was not properly Boykinized. Jones further contends that the State's evidence of Boykinization is insufficient since one of the plea of guilty forms was not signed by the trial judge and since Jones' initials do not appear after each line on the plea of guilty forms. This contention is without merit.
Though not indispensable when the record contains other affirmative showing of proper waiver, the colloquy between the trial judge and the defendant is the best evidence to show that defendant knowingly and voluntarily waived his rights by pleading guilty. State v. Nuccio, 454 So.2d 93 (La.1984); State v. Carson, 527 So.2d 1018 (La.App. 1st Cir.1988); State v. Rome, 469 So.2d 1150 (La.App. 4th Cir.1985).
The Boykin transcript in the instant case clearly shows that the trial court personally informed Jones of his right to trial by jury, his right to confront and cross-examine witnesses, and his right against self-incrimination. Jones stated on the record that he understood those rights and that he pled guilty of his own will. Jones fails to show how the absence of the trial judge's signature or of his own initials on the plea of guilty forms invalidate the clear and voluntary waiver given in open court and evidenced by the Boykin transcript. We find the State affirmatively showed that Jones was properly Boykinized.
Next, Jones contends that the trial court improperly admitted into evidence the prior plea of guilty forms and bills of information because they were not certified. This contention is without merit.
Jones did not object at the multiple bill hearing to the introduction of these documents on the grounds that they were not properly certified. Jones raises this issue for the first time on appeal. A new basis for an objection cannot be raised for the first time on appeal. LSA-C.Cr.P. art. 841; State v. Lozier, 375 So.2d 1333 (La. 1979).
*1251 Additionally, we note that both prior bills of information and plea of guilty forms are all stamped "A True Copy" and signed by the Deputy Clerk of Criminal District Court for the Parish of Orleans.
For these reasons, we find that the District Court properly admitted these documents into evidence.
Next, Jones asserts that his prior guilty pleas are invalid because the trial court misstated in the plea colloquy the maximum penalties which could be imposed. The record shows that the trial judge erroneously overstated the fine for simple burglary by $1,000.00. Further, he understated the sentence for simple robbery by two years and failed to state the $3,000.00 fine. The plea of guilty forms, on the other hand, correctly stated the maximum penalty for each offense.
This court recognizes that, in order to make a knowing and intelligent decision to plead guilty, the defendant must be apprised of the maximum sentence which could be imposed. State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982). However, the record in the instant case shows that in both prior offenses, the sentence imposed was even less than the sentence of which Jones was mistakenly apprised. Thus, Jones was not prejudiced by any confusion which may have resulted from the discrepancy between the plea of guilty forms and the trial court's statement.[3] Furthermore, the trial court's overstatement of the sentence for simple burglary could not have prejudiced Jones since any effect would have been inhibitory.
For these reasons, Jones' contention that his guilty pleas are invalid due to misstatement of the maximum penalties is without merit.
Next, Jones contends that his fingerprints were not on the prior bills of information, apparently asserting the inadequacy of evidence linking him to the prior offenses. This contention is without merit.
At the multiple bill hearing, the State presented as a witness Officer William Sable, who is the official custodian of records for the New Orleans Police Department, assigned to criminal records and fingerprints. Office Sable testified that Jones' prints as they appear on the bill of information in the instant case match those affixed to the arrest records for the previous offenses. Thus, the State affirmatively identified Jones as the person convicted in the predicate offenses. See State v. Perkins, 514 So.2d 585 (La.App. 4th Cir.1987); State v. Melton, 456 So.2d 192 (La.App. 4th Cir. 1984).
In his next assignment, Jones contends that the 33 year sentence imposed under LSA-R.S. 14:64 and 15:529.1 was excessive. We disagree.
LSA-R.S. 15:529.1(A)(1) provides in part:
"If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-third the longest term ... prescribed for a first conviction." The allowable sentence for armed robbery is 5-99 years. Thus, 33 years is the minimum allowable under these statutes.
Therefore, this assignment of error is without merit.
For the foregoing reasons, defendant Martin's conviction and sentence are affirmed and defendant Jones' conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Henley testified that he told police Martin grabbed him around the head in the robbery, while the police officer testified that he does not recall Henley positively distinguishing which suspect committed this particular act. We note that the officer also testified that initial reports in armed robberies are often vague since victims are so shaken by the trauma of the event, thus accounting for the disparity in testimony.
[2] The evidence of Jones' prior convictions was admissible for impeachment purposes, LSA-R.S. 15:495, and could have been kept from the trier of fact only if Jones did not testify.
[3] On this point, we distinguish the present case from jurisprudence where the sentence imposed was greater than that of which defendant was mistakenly apprised when he pled guilty or where defendant pled guilty in absolute ignorance of the maximum penalty. On the basis of those facts, courts have invalidated or allowed defendant to withdraw the guilty plea or have remanded for a finding of whether defendant received information from any other source as to the length of the sentence. State ex rel. Curry v. Guillory, 441 So.2d 204 (La.1983); State ex rel. LeFleur v. Donnelly, supra; State v. Smith, 513 So.2d 544 (La.App. 2d Cir.1987); Fortia v. United States, 456 F.2d 194 (5th Cir.1972); Wade v. Wainwright, 420 F.2d 898 (5th Cir.1969).