WILLIAMS, Judge.
Defendant, Lewis Jackson, was charged by bill of information with possession of cocaine, a violation of LSA-R.S. 40:967. After a jury trial, defendant was found guilty as charged and was sentenced to four years in the custody of the Department of Corrections. A multiple bill was filed, and defendant was adjudged a multiple offender. The court vacated defendant’s original sentence and sentenced him to four years at hard labor without benefit of parole, probation or suspension of sentence.
Defendant filed this appeal alleging that there was insufficient evidence to support his conviction. The primary issue before this Court is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. After viewing the testimony presented at trial, we affirm defendant’s conviction. Additionally, our review of the record for errors patent revealed that defendant was improperly sentenced by the trial court to a term without benefit of parole. Accordingly, we amend defendant’s sentence to delete the prohibition of parole.
The facts as adduced at trial are as follows.
Officer Ralph Jones, New Orleans Police Department, testified that on the morning of March 2, 1988 he was on routine patrol with his partner, Officer David Fisher. He observed a black vehicle which was occupied by one male. Defendant, who was stationary on or near a bicycle at the driver’s side of the black car, was holding a brown paper bag in his left hand. The defendant reached into the bag, took out an unknown object, and showed it to the driver. The driver of the vehicle presented U.S. currency, but then noticed the police. The two began acting suspiciously. The defendant put the object back into the bag; the driver withdrew the money and drove away. Defendant got off of his bike and began to run away. Officer Fisher pursued defendant and caught him approximately fifty yards away. Jones caught up to them and assisted Fisher in handcuffing the defendant. The officers removed a brown paper bag from defendant’s left, rear pocket. Inside of the bag were five small plastic bags containing a white powdery substance. The Officers advised defendant of his rights and placed him under arrest.
Officer David Fisher, New Orleans Police Department, also testified for the State. Fisher’s testimony corroborated that of Jones on all the facts recited above.
The parties stipulated that the white powdery substance was tested by John Palm, criminologist, and tested positive for cocaine.
The testimony of the two defense witnesses, Zelda Turner and Darryl Lyn Nicholas, conflicted with that of Officers Jones and Fisher. Turner and Nicholas testified that they witnessed the arrest. They testified that the officers put the defendant on their car and began searching the ground for something. One officer, identified by *477 Turner as Officer Fisher, picked up a brown paper bag off the ground. Nicholas testified that the bag was found among garbage. The defendant was then arrested.
In his sole assignment of error, defendant contends that the evidence was insufficient to convict him of the crime charged. Particularly, defendant argues that the contradictions between the State and defense witnesses and certain inconsistencies in the officers’ testimony[1] preclude a finding of the essential elements of the crime beyond a reasonable doubt. This assignment is without merit.
Contradictory testimony calls for a determination of the credibility of the witnesses. The jury evidently believed the officers’ testimony. This determination is within the sound discretion of the trier of fact and, like all questions of fact, will not be disturbed unless clearly contrary to the evidence. State v. Vessell, 450 So.2d 938, 943 (La.1984); State v. Jones, 537 So.2d 1244, 1249 (La.App. 4th Cir.1989). Furthermore, it is not the function of the appellate court to assess the credibility of witnesses or reweigh the evidence. State v. Rosiere, 488 So.2d 965, 968 (La.1986); State v. Jones, supra; State v. Falls, 508 So.2d 1021, 1024 (La.App. 5th Cir.1987). Rather, the appellate court should review for the minimal constitutional sufficiency of the evidence as set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Id.
To determine the sufficiency of the evidence, the reviewing court must consider whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 99 S.Ct. at 2789; State v. Abercrombie, 375 So.2d 1170, 1177-78 (La.1979), cert. den., 446 U.S. 935, 100 S.Ct. 2151, 64 L.Ed.2d 787 (1980); State v. Arcement, 514 So.2d 144, 149 (La.App. 4th Cir.1987), writ den. 520 So.2d 424 (La.1988).
The elements of the crime of possession of cocaine are (1) the knowing or intentional (2) possession of a controlled dangerous substance, to wit, cocaine. LSA-R.S. 40:967(C). In the instant case, both officers testified for the State that they saw the defendant showing the contents of a brown paper bag to the driver of the black car. Both officers testified that when he was caught, defendant had a brown bag in his pocket which contained packets of a white powdery sustance. The parties stipulated the substance tested positive for cocaine. These facts are sufficient to support a conviction for possession of cocaine.
Moreover, we note that the inconsistencies which the defendant points out in the officers’ testimony are immaterial to a determination of whether the defendant was guilty of each element of the crime charged.
Defendant’s assignment is without merit.
Our review of the record for errors patent revealed that the trial court improperly ordered that the defendant’s sentence be served without benefit of parole. LSA-R.S. 40:967(C) provides that a defendant convicted of possession of cocaine[2] shall be imprisoned to not more than five years with or without hard labor and in addition may be sentenced to pay a fine of not more than $5,000.00. Parole is not prohibited under LSA-R.S. 40:967(C) or under the applicable provisions of LSA-R.S. 15:529.1. Therefore, the trial court erred in prohibiting parole.[3] Accordingly, defendant’s sen *478 tence is amended to delete the prohibition of parole.
For the foregoing reasons, defendant’s conviction is affirmed. Defendant’s sentence is amended and affirmed as amended.
CONVICTION AFFIRMED; SENTENCE AMENDED AND AFFIRMED AS AMENDED.

. The defendant points to inconsistencies concerning whether defendant was on the bicycle or standing when he was seen next to the black car; whether the officers discussed the case with one another or the District Attorney’s office prior to trial; whether the officers had received any information connecting the defendant to drugs; whether the people at the scene of the arrest were hostile; and which of the two officers actually marked the evidence when it was -placed into Central Evidence and Property.

. Except as provided in LSA-R.S. 40:967(F).

. As per LSA-R.S. 15:574.4, the Department of Corrections may deny a defendant parole eligibility for a portion or all of his sentence because he is a multiple offender. Our holding does not affect any action which might be taken pursuant to this statute.