JOAN BERNARD ARMSTRONG, Chief Judge.
 

 |]The defendant-appellant, Joseph Robinson, appeals his conviction for second degree battery, a violation of La. R.S. 14:34.1, and his sentence to four years at hard labor with credit for time served.
 

 STATEMENT OF THE CASE
 

 Joseph Robinson was originally charged with aggravated battery and unauthorized entry of an inhabited dwelling, violations of La. R.S. 14:34 and La. R.S. 14:62.3, respectively. After an October 23, 2009 hearing, the trial court found probable cause to prosecute the aggravated battery charge, but found no probable cause existed to
 
 *1210
 
 proceed with the unauthorized entry of an inhabited dwelling charge.
 

 Robinson elected a judge trial and was tried on February 9, 2009. At the beginning of trial, the State moved to sever the charges. The trial court denied this motion. The trial court found him guilty of the aggravated battery charge and not guilty of the unauthorized entry of an inhabited dwelling charge. Robinson filed a Motion for Post-Verdict Judgment of Acquittal. Therein, Robinson asserted, among other things, that the record contained insufficient evidence to support his aggravated battery conviction, and that “La.C.Cr.P. Article 814 provides that the 12lesser and included verdicts for Aggravated Battery (R.S. 14:34) include the charge of Simple Battery (R.S. 14:35).” Robinson did not request the exclusion of any legally recognized responsive verdicts therein.
 

 On February 26, 2010, the trial court granted the Motion for Post-Verdict Judgment of Acquittal and modified its verdict to finding Robinson guilty of second degree battery, a violation of La. R.S. 14:34.1. Immediately thereafter, Robinson was sentenced to four years at hard labor with credit for time served. The record reflects no waiver of sentencing delays.
 

 STATEMENT OF FACTS
 

 Officer Rayell Johnson responded to an aggravated battery call at approximately 6:20 p.m., on June 28, 2009. He went to the 1200 block of Marigny Street. Upon arriving, Mr. Andy Rowel informed Officer Rayell of an incident. Mr. Rowel was upset to the point of crying. Officer Ra-yell observed cuts on his neck and face. Mr. Rowel’s mother, Lynn Ann Louise Rowel, was also present. Robinson had fled the scene. A five inch knife was recovered from the scene, and photographs of Mr. Rowel were taken. The photographs show a clean but shallow cut behind and below Mr. Rowel’s left ear. This cut appears to be consistent with a straight sharp object.
 

 Mr. Rowel testified that he lived in the Marigny Street house with his mother and Robinson. Ms. Rowel and Robinson were dating. Ms. Rowel testified that she had thrown Robinson out of the house two weeks earlier; that the lease was in her name; and that no one but her son, Mr. Rowel, and she lived in the house on June 28, 2009.
 

 At approximately six or seven in the evening, Mr. Rowel was home alone, watching the television and talking to a friend on the phone, when Robinson | .¡entered the house in a drunken state. Robinson was carrying his work bag. He asked where Ms. Rowel was and went into the kitchen. She had gone to a second line parade for the late Michael Jackson with her sister in-law. When she returned and entered the house she went toward the kitchen where she encountered Robinson as he was coming out of the kitchen.
 

 Ms. Rowel demanded to know what Robinson was doing at the house and demanded that he leave. Robinson refused. According to Mr. Rowel, when he saw Robinson holding a box cutter, he stepped in. According to Ms. Rowel, she noticed a drawer she kept tapes in was open, and she asked her son to check Robinson’s pouch for tapes. A “scuffle” ensued between Mr. Rowel and Robinson. During the scuffle, an air conditioner fell out of a window. Ms. Rowel testified that she saw Robinson retrieve a box cutter from his pocket and “scratch” her son just behind his ear. She observed one or two drops of blood. Mr. Rowel did not know he had been cut until his mother informed him of such.
 

 Around the time the air conditioner fell, Ms. Rowel exclaimed, “you want to cut
 
 *1211
 
 somebody, ‘B,’ stay right here!” She then retrieved a knife from the kitchen and stabbed Robinson in the shoulder. He subsequently fled the house.
 

 Robinson testified that he had lived at the Marigny Street house for a year and a half prior to June 28, 2009. He was not on the lease, but he contributed to the rent. He awoke at approximately 10:00 a.m. and went out and bought two packs of cigarettes. Upon returning to the house, he gave one of the packs of cigarettes to Ms. Rowel. He then went to the bedroom and made a phone call.
 

 “All of a sudden” Ms. Rowel entered the bedroom and “snapp[ed],” swearing at Robinson and demanding that he leave. Robinson went to the kitchen to get his wallet and leave. At that point, Mr. Rowel confronted Robinson, and the |4fight described by the Rowels ensued. Robinson denied stabbing Andy or possessing a box cutter at the time of the incident. He was previously convicted of unauthorized entry of an inhabited dwelling in an unrelated case.
 

 ERRORS PATENT
 

 The trial court sentenced Robinson immediately after modifying the verdict from aggravated battery to second degree battery. La. C.Cr.P. art. 821 C allows the trial court to modify a verdict
 
 [1]
 
 in lieu of granting motion for post verdict judgment of acquittal.
 

 La.C.Cr.P. art. 873 requires the trial court wait three days after a conviction and twenty four hours after overruling a motion for a new trial or in arrest of judgment to sentence a defendant. This waiting period may be waived. La.C.Cr.P. art. 873. Comment C to La.C.Cr.P. art. 873 states:
 

 In the absence of a waiver by the defendant, a sentence imposed within the three-day period will be void under the settled jurisprudence of the state. In
 
 State v. George,
 
 218 La. 18, 34, 48 So.2d 265, 270 (1950), the court declared: “This provision [Art. 521 of the 1928 Code] is for the purpose of affording an opportunity to an accused who has been convicted to file, prior to sentence, further pleadings, such as a motion for a new trial, a motion in arrest of judgment, etc., and, if he is denied the right to this delay, any sentence so imposed is void.”
 

 See also
 
 State v. Johnson,
 
 275 So.2d 405 (La.1973).
 

 Comment A to La.C.Cr.P. art. 873 states that:
 

 The three-day mandatory delay between conviction and the imposition of sentence is to allow the defendant sufficient time to file his motion for a new trial, which must be filed between verdict and sentence. This article follows A.L.I.Code, § 378 requiring a three-day delay, rather than the twenty-four hour period that | fiwas prescribed by Art. 521 of the 1928 Code of Criminal Procedure.
 

 La.C.Cr.P. art. 873 also provides for a twenty-four hour delay between a motion for new trial, or in arrest of judgment and sentencing. In the instant case there was no delay between the denial of the defendant’s Motion for Post Verdict Judgment of Acquittal. Failure to observe the twenty-four hour period in La.C.Cr.P. art. 873 is harmless error where the defendant does not challenge his sentence on appeal.
 
 State v. Boyd,
 
 2008-0659 (La.App. 4 Cir. 11/12/08), 999 So.2d 40. The defendant in the instant case did not challenge his sentence on appeal. Moreover, the
 
 *1212
 
 twenty-four hour delay does not apply following a denial of a post-verdict judgment of acquittal.
 
 State v. Scott,
 
 98-2642 (La.App. 4 Cir. 2/16/00), 754 So.2d 1108.
 

 La.C.Cr.P. art. 821(C) provides that a trial court “in lieu of granting a post verdict judgment of acquittal, may modify the verdict and render a judgment of conviction on the lesser included responsive offense.” [Emphasis added.] The trial court in this case modified the verdict as allowed by this clause. We find that in doing so, the trial court did render a new conviction, but merely modified the original verdict, resulting in a modified but not new conviction. Therefore, the three-day waiting period prescribed by La.C.Cr.P. art. 873 runs from the date of the original conviction. As more than three days had passed from the date of the original conviction on February 9, 2009, and the date the sentence was modified on February 26, 2009, there is no sentencing error and no error patent. We note that this reasoning is consistent with Comment “C” to La. C.Cr.P. art. 873, quoted earlier in this opinion, in that the defendant had the opportunity to “file, prior to | (¡sentence, further pleadings,” when he filed his Motion for Post Verdict Judgment of Acquittal on February 26, 2009, more than two weeks after the original verdict.
 

 We find that there is no error patent in this regard for the additional reason that Robinson’s counsel waived sentencing delays. At the February 26, 2010 sentencing hearing, the trial court asked Robinson’s counsel if she was ready for sentencing. Instead of answering, counsel asked if the trial court would consider amending the verdict to simple battery. The trial court maintained the second degree battery conviction. Shortly thereafter, defense counsel stated, “at this time, we would ask the Court to sentence Mr. Robinson to eight months, credit for time served.” We interpret this request to be a sentencing delay waiver.
 

 DEFENDANT’S ASSIGNMENT OF ERROR
 

 Robinson essentially argues that the record is insufficient to support his conviction for second degree battery because it does not show that he inflicted serious injury. He acknowledges that second degree battery is a responsive verdict for aggravated battery, the crime he was originally charged and convicted of committing. However, he argues that the trial court erred in convicting him of the responsive verdict that is not supported by the record because he timely objected to the inclusion of second degree battery as a responsive verdict. Robinson points to no specific objection in the record. Instead, he notes the State’s admission at trial that the injury was minor. He also asserts that “the record is clear that Mr. Robinson amply objected to the imposition of a verdict of second degree battery.” He also states that he did not acquiesce to a verdict of second degree battery and asserts that “from the beginning of the trial, the court was advised that a verdict of second degree battery was not an appropriate verdict.” However, he fails to specify where the record supports either of the foregoing assertions.
 

 |7The State counters that an implicit objection is insufficient to prohibit consideration of a statutorily recognized responsive verdict, and that Robinson failed to specifically object to the consideration or second degree battery. The State argues that the record supports a conviction of aggravated battery and, as such, the conviction should stand.
 

 Generally, when assessing the sufficiency of evidence to support a conviction, the reviewing court must determine whether, viewing the evidence in the light
 
 *1213
 
 most favorable to the prosecution, a rational fact finder could have found the defendant guilty beyond a reasonable doubt.
 
 Jackson v. Virginia,
 
 44B U.S. 307, 309, 99 S.Ct. 2781, 2784, 61 L.Ed.2d 560 (1979). This review must include the whole record, as a rational fact finder does.
 
 State v. Mussall,
 
 523 So.2d 1305, 1310 (La.1988). If rational finders of fact could disagree as to the interpretation of the evidence, the rational trier’s view of all of the evidence most favorable to the prosecution must be adopted.
 
 Id.
 
 It is not the function of the appellate court to assess the credibility of witnesses or reweigh the evidence.
 
 State v. Johnson,
 
 619 So.2d 1102 (La.App. 4 Cir.1993), citing
 
 State v. Rosiere,
 
 488 So.2d 965, 968 (La.1986). Credibility determinations, as well as the weight to be attributed to the evidence, are soundly within the province of the fact finder.
 
 State v. Brumfield,
 
 93-2404, p. 5-6 (La.App. 4 Cir. 6/15/94), 639 So.2d 312, 316. Moreover, conflicting testimony as to factual matters is a question of weight of the evidence, not sufficiency.
 
 State v. Jones,
 
 537 So.2d 1244, 1249 (La.App. 4 Cir.1989). Like all factual matters, credibility determinations are entitled to great weight and will not be disturbed unless contrary to the evidence.
 
 Id.,
 
 citing
 
 State v. Vessell,
 
 450 So.2d 938 (La.1984). Absent internal contradiction or irreconcilable conflict with the physical evidence, a single witness’s testimony, if believed by the fact finder, is sufficient to |8support a factual conclusion.
 
 State v. Marshall,
 
 04-3139, p. 9 (La.11/29/06), 943 So.2d 362, 369. In this case, Robinson was originally charged and convicted of aggravated battery, a violation of La. R.S. 14:34. After Robinson filed a Motion for Post-Verdict Judgment of Acquittal, the trial court modified his conviction to second degree battery, a violation of La. R.S. 14:34.1. Second degree battery is a statutory responsive verdict to aggravated battery. La.C.Cr.P. art. 814(A)(14). Robinson protests that the record does not contain facts supporting a conviction of second degree battery, which prohibits committing battery “when the offender intentionally inflicts serious bodily injury.” La. R.S. 14:34.1.
 

 In
 
 State ex rel. Elaire v. Blackburn,
 
 424 So.2d 246 (La.1982), the Louisiana Supreme Court held that a defendant must “make a contemporaneous objection to the instruction on responsive verdicts in order to complain on appeal of the insufficiency of evidence supporting the responsive verdict.”
 
 Id.,
 
 424 So.2d at 251, citing La. C.Cr.P. art. 814. See also
 
 State v. Williams,
 
 99-1581, p. 10 (La.App. 4 Cir. 6/14/00), 766 So.2d 579, 684. It is sufficient that this objection be made after the jury is charged, but before the jury begins to deliberate.
 
 State v. Rideau,
 
 05-0462, p. 18 (La.App. 4 Cir. 12/6/06), 947 So.2d 127, 138.
 

 The Louisiana Supreme court explained the rationale behind this rule:
 

 [I]t would be unfair to permit the defendant to have the advantage of the possibility that a lesser “compromise” verdict will be returned (as opposed to being convicted of the offense charged) and then to raise the complaint for the first time on appeal, that the evidence did not support the responsive verdict to which he failed to object.
 

 Blackburn, supra,
 
 424 So.2d at 251-252. Absent an objection entered at a time when the trial judge may take action, a reviewing court may affirm if the evidence supports a conviction of the greater offense, aggravated battery in this ease.
 
 Blackburn, supra,
 
 424 So.2d at 251.
 

 In this case, the record contains no contemporaneous objection to a responsive verdict of second degree battery. Robinson’s counsel asserts that “the record is clear that Mr. Robinson amply objected to
 
 *1214
 
 the imposition of a verdict of second degree battery” and that “from the beginning of the trial, the court was advised that a verdict of second degree battery was not an appropriate verdict.” However, counsel fails to specify where the contemporaneous objection was made. The record contradicts counsel’s assertion. The State notes that Robinson argued that he was not guilty. This assertion fails to specify an objection. Accordingly, if the record supports a conviction of aggravated battery, the conviction must be affirmed.
 

 Aggravated battery is a battery committed with a dangerous weapon. La. R.S. 14:34. Battery is “the intentional use of force or violence upon the person of another.” La. R.S. 14:33. A dangerous weapon is “any gas, liquid, or other substance or instrumentality, which in the manner used, is calculated or likely to produce death or great bodily harm.” La. R.S. 14:2(3). In
 
 State v. Moss,
 
 2008-1079, p. 31 (La.App. 4 Cir. 7/22/09), 17 So.3d 441, 459, this Court upheld an aggravated battery conviction where a pair of pliers was the dangerous weapon.
 

 Both Ms. Rowel and Andy testified that they saw Robinson holding a box cutter at or around the time of the fight or “scuffle” between Robinson and Andy. Ms. Rowel saw Robinson “scratch” Andy behind the ear after removing the box cutter. Andy did not realize he had been cut until his mother told him he had been | incut behind his ear. Officer Johnson testified that a five inch blade was recovered from the scene. Photographs in the record depict a clean but shallow cut behind and below Andy’s left ear. This cut appears to be consistent with a straight sharp object. This evidence would support a conviction of aggravated battery. Accordingly, we find no error in the defendant’s conviction of second degree battery conviction.
 

 For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
 

 CONVICTION AND SENTENCE AFFIRMED.
 

 [1]
 

 . La. C.Cr.P. art. 820 provides that: "All provisions of this Chapter regulating the responsiveness and effect of verdicts shall apply to cases tried without a jury.”