EDWIN A. LOMBARD, Judge.
liThe defendant, Damon Williams, appeals his conviction and sentence for the distribution of cocaine. After a review of the record in light of the applicable law and arguments of the parties, we affirm the defendant’s conviction and sentence.
Relevant Facts and Procedural History
On April 1, 2009, Detectives Robbie Bangham and Victor Gant of the New Orleans Police Department (NOPD) Fifth District Narcotics Unit received citizen complaints about drug trafficking on the 2200 block of Almonaster Avenue. Accordingly, the detectives set up surveillance of the area in an unmarked vehicle where they had an unobstructed view of the block that consisted mostly of abandoned houses.
During the surveillance, they observed the defendant dressed in all black clothing riding up and down the block on a blue bicycle. After a short time, a white Jeep Cherokee arrived, and an unknown black male, later identified as Fred Anderson exited the vehicle and approached the defendant. After engaging in a brief conversation, Mr. Anderson handed the defendant an unknown amount of paper currency. The defendant placed the currency in his' right pants pocket and then handed Mr. Anderson an unknown item. After looking at the unknown item, | ?Mr. Anderson placed it into the right side pocket of his jacket, returned to his Jeep and drove away.
The detective testified that he and his partner had observed what they believed to be a hand-to-hand drug transaction. Detective Bangham contacted unit 1586, which was manned by Officers Nicholas Williams and Shandell Bangham, to stop the Jeep. The detective was informed that two pieces of crack cocaine were found on Mr. Anderson.
*430 Shortly thereafter, Detective Bangham observed a Nissan Frontier pick-up truck pull into the block with a passenger later identified as David Rogers. Mr. Rogers exited the vehicle and approached the defendant, who was still on the bicycle. Mr. Rogers then handed the defendant an unknown amount of paper currency and in return received an unknown item from the defendant.. After examining the item, Mr. Rogers placed the item into his right pants pocket. He entered the vehicle and the driver, Arthur Rogers, drove off.
Detective Bangham and his partner subsequently decided to stop the defendant. The two officers drove up to the defendant, and Detective Gant advised the defendant of the nature of the stop, advised him of his Miranda rights, and searched him. Detective Gant found $830.00 in currency in the defendant’s front right pocket, the pocket into which the defendant had put the currency during the two hand-to-hand drug transactions.
On June 29, 2009, the State filed a bill of information charging the defendant with distribution of crack cocaine, a violation of La.Rev.Stat. 40:967(B)(1).[1] On UJuly 30, 2009, he pleaded not guilty. On February 2, 2010, a hearing on the motions was held, and the trial court found probable cause and denied the motion to suppress the evidence. On April 20, 2010, the State filed a motion to exclude defense expert testimony, which the trial court granted after a hearing, and trial was continued to April 21, 2010. On that date, the State filed a motion in limine to exclude questions relating to witnesses’ prior acts, vices, or course of conduct that have not resulted in criminal convictions (relating to NOPD Officer Nathaniel Joseph). The trial was held, and the jury found the defendant guilty as charged. On April 26, 2010, a post verdict hearing was held during which a juror testified that she had not been coerced or forced to change her vote from guilty to not guilty. On April 29, 2010, a contempt of court hearing was held relating to the defendant’s breaking a glass table when the verdict was read; the defendant’s friend agreed to pay $312.00 for its replacement. According to the record, on May 13, 2010 the defendant filed a motion for judgment notwithstanding the verdict and a motion for new trial. On June 28, 2010, a hearing on those defense post verdict motions was heard, and the trial court denied the motion for new trial. The court sentenced the defendant to four years at hard labor, the first two years without benefit of parole, probation, or suspension of sentence with credit for time served.
At trial, Officer Glenn Gilyot, a criminalist with the NOPD crime lab, was accepted as an expert in the field of chemistry, as well as the testing and analysis of narcotics. He testified that he tested the contents of item number D0119 of 2009, which contained two small heat-sealed envelopes; one had two small pieces of plastic that contained a hard, rock-like substance in each and the other had one plastic piece containing a hard, rock-like substance. Officer Gilyot testified that the three rock-like substances tested positive for cocaine.
TERRORS PATENT
After a review of the record, no errors patent have been found.
*431 Discussion
On appeal, the defendant contends that (1) the verdict is contrary to the law and the evidence; (2) the trial court erred by denying the motion for post verdict judgment of acquittal; and (3) the trial court erred in denying his motion for new trial.
Although the defendant lists these three assignments of error, he declares that the issue is whether the jury acted rationally in finding him guilty given the lack of evidence in the case. The defendant makes one argument and concludes that “[t]he conviction of the defendant Damon Williams is factually insufficient and thus, legally infirm.” The State notes that the defendant lists the second and third assignments of error, but argues that these two assignments of error are not briefed. The State argues that the defendant has therefore waived those issues on appeal under Uniform Rules of Courts of Appeal Rule 2-12.4, and reserves its right to supplement its brief to address those issues if the defendant files a supplemental brief.
Assignment of Error I.
The defendant contends that the evidence was insufficient to support his conviction. Specifically, he argues that there is insufficient evidence to establish that he knowingly possessed cocaine with the intent to distribute it. He argues that the jurors did not act rationally, and the trial court should have granted his motion for a post verdict judgment of acquittal, or in the alternative, a new trial.[2]
| aSufficiency of the Evidence
The standard of review for the sufficiency of the evidence is whether, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found that the State proved the essential elements beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 309, 99 S.Ct. 2781, 2784, 61 L.Ed.2d 560 (1979). This review must include the whole record, as a rational fact finder does. State v. Mussall, 523 So.2d 1305, 1310 (La.1988). If rational finders of fact could disagree as to the interpretation of the evidence, the rational trier’s view of all the evidence most favorable to the prosecution must be adopted. Id. It is not the function of the appellate court to assess the credibility of witnesses or reweigh the evidence. State v. Johnson, 619 So.2d 1102, 1109 (La.App. 4 Cir.1993), citing State v. Rosiere, 488 So.2d 965, 968 (La.1986). Credibility determinations, as well as the weight to be attributed to the evidence, are soundly within the province of the fact finder. State v. Brumfield, 93-2404, pp. 5-6 (La.App. 4 Cir. 6/15/94), 639 So.2d 312, 316. Moreover, conflicting testimony as to *432 factual matters is a question of weight of the evidence, not sufficiency. State v. Jones, 537 So.2d 1244, 1249 (La.App. 4 Cir.1989). Like all factual matters, credibility determinations are entitled to great weight and will not be disturbed unless contrary to the evidence. Id., citing State v. Vessell, 450 So.2d 938 (La.1984). | (¡Absent internal contradiction or irreconcilable conflict with the physical evidence, a single witness’ testimony, if believed by the fact finder, is sufficient to support a factual conclusion. State v. Marshall, 04-3139, p. 9 (La.11/29/06), 943 So.2d 362, 369.
To support the defendant’s conviction, the State must prove that he “knowingly” and “intentionally” possessed the cocaine with the “intent to distribute.” State v. Williams, 594 So.2d 476, 478 (La.App. 4 Cir.1992). Specific intent to distribute may be established by proving circumstances surrounding defendant’s possession which give rise to a reasonable inference of intent to distribute. State v. Dickerson, 538 So.2d 1063,1071 (La.App. 4 Cir.1989). One need not actually possess the controlled dangerous substance to violate the prohibition against possession; constructive possession is sufficient. State v. Dauzart, 11-0688, p. 8 (La.App. 4 Cir. 3/21/12), 89 So.3d 1214. A person may be in constructive possession of a drug even though it is not in his physical custody if it is subject to his dominion and control. See State v. Trahan, 425 So.2d 1222 (La.1983). Intent can be inferred from the circumstances surrounding the defendant’s arrest. State v. Guillard, 98-0504, p. 4 (La.App. 4 Cir. 4/7/99), 736 So.2d 273, 276.
In State v. Hearold, 603 So.2d 731, 735 (La.1992), the Supreme Court identified five factors, originally set out in State v. House, 325 So.2d 222 (La.1975), which are helpful in determining whether circumstantial evidence is sufficient to prove the intent to distributed a controlled dangerous substance:
(1) whether the defendant ever distributed or attempted to distribute the drug;
|7(2) whether the drug was in a form usually associated with possession for the distribution to others;
(3) whether the amount of drug created an inference of an intent to distribute;
(4) whether expert or other testimony established that the amount of drug found in the defendant’s possession is inconsistent with personal use only; and
(5) whether there was any paraphernalia, such as baggies or scales, evidencing an intent to distribute.
In State v. Cushenberry, 94-1206, p. 6 (La.App. 4 Cir. 1/31/95), 650 So.2d 783, 786, this court noted that the Hearold factors were “enunciated as ‘useful’ in determining whether circumstantial evidence is sufficient to prove intent to distribute,” but this court held that evidence need not “fall squarely within the factors enunciated to be sufficient for the jury to find that requisite intent to distribute.”
In the present case, the jury heard the testimony of Detective Bangham, who testified that he and his partner set up surveillance in an area that received citizen complaints of drug trafficking. The detective testified that they observed the defendant engage in two transactions wherein both instances, the visitor would hand the defendant currency and in turn would receive an object from the defendant. The detective also testified that two pieces of crack cocaine were recovered from a buyer’s right side pocket of his jacket into which the detective had watched him place the objects he received from the defendant. Officer Joseph testified that he recovered crack from the second buyer. Detective Bangham further testified that *433 upon arresting the defendant, he found $330.00 in currency of various denominations in his pocket. The jury heard the detective’s testimony that no crack cocaine was found on the defendant after the two transactions. However, 18crack cocaine was found on the two buyers who were stopped and arrested within minutes after Detective Bangham lost sight of the vehicles.
Although the defendant was not found in possession of the crack cocaine at the time of his arrest, viewed in the light most favorable to the State, the evidence at trial was sufficient to establish his guilt beyond a reasonable doubt. It could be inferred from the factual testimony that the defendant knowingly and intentionally distributed crack cocaine to the two buyers who were apprehended with pieces of crack cocaine in their pockets. The currency of various denominations that were found in the defendant’s pocket supports a reasonable inference that the defendant distributed the crack cocaine to the two buyers and had used up his crack cocaine supply momentarily.
Conclusion
From the facts of the case, as discussed above, a reasonable juror could have concluded beyond a reasonable doubt that the defendant received currency from the unknown subject in exchange for one or more rocks of crack cocaine. Accordingly, the conclusion that the defendant possessed the cocaine with the intent to distribute was a reasonable one. As the verdict was fully supported by the evidence, we affirm the rulings of the trial court respecting the issues presently before us on appeal and, thusly, we affirm the defendant’s conviction and sentence.
AFFIRMED.

. David Rogers and Fred Anderson were charged with possession of crack cocaine; Arthur Rogers was charged with possession of marijuana. Anderson and David Rogers pleaded guilty and were sentenced to two years; the sentences were suspended with two years active probation. Arthur Rogers was charged with possession of marijuana in another case.

. At the June 28, 2010 hearing relating to the defendant's post verdict motion for a judgment of acquittal and motion for a new trial, the defense counsel’s focus was on sexual complaints against Officer Nathaniel Joseph, who arrested David Rogers in this case. Counsel argued that the defendant filed a complaint (and had received a letter relating to the matter). The defendant alleged that Officer Joseph touched him inappropriately when he was arrested in a case subsequent to this one. In this case Detective Bangham arrested the defendant, while in the subsequent case, Officer Joseph arrested the defendant. Counsel focused on the fact that the credibility of the NOPD officers is crucial in this case. Counsel complained that the trial court had stopped the defense questioning of Officer Joseph about sexual complaints filed against him, and then the State called Deputy Superintendent in charge of NOPD Public Integrity Bureau to testify that he found no complaints against Officer Joseph (but one should have been found). The State argued, and the court agreed that the defense should have rebutted the deputy superintendent’s testimony, but counsel had not done that. Counsel argued that the defendant was entitled to a new trial because "the ends of justice” would be served. See La.Code Crim. Proc. art. 851(5). The trial court properly denied the motion(s).